COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




MELVIN KEKUEWA,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-04-00378-CR



Appeal from the


34th Impact Court


of El Paso County, Texas 


(TC# 20010D00475) 



O P I N I O N 


 Melvin Kekuewa appeals his conviction for possession of marihuana. In two issues, he
argues the trial court erred in denying his motion for a mistrial. We affirm.

 Detective Luis Serrano, with the El Paso Police Department "Stash House Unit," was
involved in an on-going investigation of two residences located at 11705 and 11750 Prado
Del Sol based on a report of "suspicious activity." On January 18, 2001, when Detective Serrano
drove past the residences, he observed a black "UPS type" cargo truck parked in front of the
11705 Prado Del Sol residence. He also saw two males standing in front of the house. After
driving past the residences, Detective Serrano parked further down the street so that he could
continue his surveillance. One of the two individuals got into the truck and left the area while
the other male went inside the home. Officer Serrano followed the truck as it left the residence
and traveled onto Interstate 10 heading west.

 Detective Serrano contacted Officer Martin Moncada, also with the El Paso Police
Department, and asked him to conduct a traffic stop of the cargo truck that Appellant was found
driving. Officer Moncada testified that he did not have a valid reason for stopping Appellant
until he noticed that the vehicle had expired registration. After finding the expired registration
sticker, Officer Moncada initiated the traffic stop. Appellant pulled over to the shoulder of the
road and got out of the vehicle. Officer Moncada showed Appellant the expired registration and
asked Appellant to proceed to a safer location. Appellant returned to his truck and traveled to a
"U-Haul" parking lot, approximately one mile from the initial stop.

 After Appellant pulled into the U-Haul parking lot, he exited the vehicle and began
talking to Officer Moncada. Officer Moncada asked for permission to search Appellant's
vehicle, which he granted. Appellant then proceeded to the side of the vehicle and opened a side
door to the cargo area and "jumped" into the truck. Appellant then began to show Officer
Moncada some of the boxes located in the cargo area. When Officer Moncada asked to see some
of the other boxes, Appellant replied "'[n]o, no, no. Those are not mine. Those are not mine.'"
Officer Moncada then asked Appellant to step down from the truck. According to Officer
Moncada, when he asked to see the additional boxes, Appellant's demeanor changed and he
became "real nervous--you know, scared."

 After another officer arrived on the scene, Officer Moncado brought his dog over to
conduct an "exterior sniff" of the van. The dog alerted to the exterior of the vehicle. Then 
Officer Moncado had the dog check the cargo area. The dog again alerted to a box, and when
Officer Moncado opened the box, he found several bundles or "bricks" of marihuana. After a
complete search, 1,494 individual packages of marihuana, with a gross weight of approximately
2,739 pounds and a net weight of 2,427 pounds, were recovered from Appellant's truck.

 Appellant was arrested and charged by indictment with possession of more than 2,000
pounds of marihuana. After a trial on the merits, a jury found Appellant guilty and assessed
punishment at a $50,000 fine and six years confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant then timely filed his notice of appeal.

Standard of Review We review a trial court's ruling on a motion for mistrial under an abuse of discretion
standard of review. Wead v. State, 129 S.W.3d 126, 129 (Tex.Crim.App. 2004). In determining
whether the trial court abused its discretion, we consider whether the court acted without
reference to guiding rules and principles, or stated differently, whether the court acted arbitrarily
or unreasonably. Lyles v. State, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993); Menchaca v. State,
901 S.W.2d 640, 647 (Tex.App.--El Paso 1995, pet. ref'd). We must uphold the trial court's
ruling if that ruling was within the zone of reasonable disagreement. Wead, 129 S.W.3d at 129. 
The mere fact that a trial court may decide a matter within its discretionary authority in a
different manner than an appellate judge in a similar circumstance does not demonstrate that an
abuse of discretion has occurred. Menchaca, 901 S.W.2d at 647.

 In Issue One, Appellant complains the trial court erred when it overruled his motion for a
mistrial based on the State's alleged failure to disclose exculpatory evidence. In what constitutes
the bulk of Appellant's argument, he claims the State's failure to disclose the identity of Juan
Carlos Dominquez ("Dominguez") violates Brady because: "[f]irst, a state [sic] knew of the
witness's knowledge regarding another known person residing at the Prado Del Sol residences;
second, the evidence that somebody else could have placed the marijuana in the appellant's truck
was favorable to the appellant's [sic]; and third, the evidence was material in that the appellant
would have had the option to lay blame on a secondary person who was possibly involved." We
must note that Appellant's argument is composed of conclusory statements lacking any citation
to legal authority. Thus, he presents nothing for our review. See Tex.R.App.P. 38.1(h); Jensen v.
State, 66 S.W.3d 528, 534 n.3 (Tex.App.--Houston [14th Dist.] 2002, pet. ref'd).

 Further, for a complaint to be considered timely, thus preserving error, the complaint
must be made as soon as the grounds become apparent or should be apparent. Wilson v. State, 7
S.W.3d 136, 146 (Tex.Crim.App. 1999)(defendant procedurally defaulted complaint on motion
for continuance or mistrial, based on Brady violation, when motion not timely made). Here, the
State first inquired about Dominguez during the testimony of Detective Serrano. (1) Appellant did
not object, request a continuance, or move for a mistrial. It was not until the State's second
witness, Officer Moncado, was asked about the existence of Dominguez that Appellant decided
to object, move for a continuance, and ultimately move for a mistrial. The fact that subsequent
testimony may cause a ground for complaint to become more apparent does not render timely an
otherwise untimely complaint. See Wilson, 7 S.W.3d at 146. By failing to object, seek a
continuance, or request a mistrial when the State first presented evidence of Dominguez,
Appellant has failed to preserve this issue for our review. Id.

 In any event, even if Appellant's motion for mistrial had been timely and his complaint
was properly briefed, it would still fail. Under the Due Process Clause of the Fourteenth
Amendment, a prosecutor has an affirmative duty to turn over material, exculpatory evidence.
Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Harm v. State, 183
S.W.3d 403, 406 (Tex.Crim.App. 2006). Generally, to establish a Brady violation when there
has been a complete failure to disclose by the State, an appellant must show: (1) the state
suppressed evidence; (2) the suppressed evidence is favorable to defendant; and (3) the
suppressed evidence is material. Harm, 183 S.W.3d at 408. On the other hand, when there has
been an untimely disclosure of evidence, rather than a complete failure to disclose, an appellant
must show a reasonable probability that had the evidence been disclosed to the defense earlier,
the result of the proceeding would have been different. Hampton v. State, 86 S.W.3d 603, 612
n.26 (Tex.Crim.App. 2002), citing Wilson v. State, 7 S.W.3d 136, 146 (Tex.Crim.App. 1999). 
Ordinarily, if a defendant received the evidence in time to effectively use it at trial, his conviction
should not be reversed merely because it was not disclosed as early as it might have and should
have been. Little v. State, 991 S.W.2d 864, 866 (Tex.Crim.App. 1999).

 Here, Appellant does not show how the result of the proceeding would have differed had
the State timely disclosed the existence of Dominguez. Appellant simply concludes that he
would have had a "secondary" person to "lay blame on." Brady does not require the prosecution
to disclose every piece of evidence in its possession nor does it require the prosecution to provide
all useful information or anticipate possible defenses and provide information supporting those
defenses. See Michaelwicz v. State, 186 S.W.3d 601, 616 (Tex.App.--Austin 2006, pet. ref'd). 
We fail to see how the State's timely disclosure of the identity of an individual who was also
being investigated in connection with the home located on Prado Del Sol might have resulted in a
different outcome under the facts of this case.

 Appellant steadfastly maintained throughout the trial, he was merely an unwitting
participant in the attempted delivery of the marihuana. Appellant argued that another individual,
Eduardo Castillo ("Castillo"), was responsible for placing the marihuana in his truck without his
knowledge. According to Appellant, he loaned Castillo his truck because he thought Castillo
needed to move some furniture and appliances. When he picked up his truck, Castillo asked him
if he would drop off some boxes at a gas station on his way home. The existence of another
individual, who was also being investigated in connection with the Prado Del Sol address, in
light of Appellant's testimony implicating Castillo, does little else to show Appellant did not
knowingly or intentionally possess (2) a usable quantity of marihuana in excess of 2,000 pounds. 
See Tex.Health & Safety Code Ann. § 481.121(a), (b)(6)(Vernon 2003); see also Brown v.
State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995)(accused must not only have exercised actual
care, control, or custody of the substance, but must also have been conscious of his connection
with it and have known what it was).

 Finally, Appellant learned of the existence of Dominguez from the very first witness
called at trial by the State during its case-in-chief, Detective Serrano. (3) Thus, Appellant had
ample opportunity to implicate Dominguez as the responsible party, either through cross-examination of the State's witnesses or when he testified as a witness during his case-in-chief. 
See Olivarez v. State, 171 S.W.3d 283, 290 (Tex.App.--Houston [14th Dist.] 2005, no
pet.)(defense learned of allegedly exculpatory report containing information of other individuals
who were possibly involved in offense in time to make effective use of it at trial by cross-examination of State's witness and did not show that untimely disclosure affected ability to
prepare defense). After reviewing the record, we are satisfied that even if the State had timely
disclosed that another individual, Dominguez, had been investigated in connection with the
address at Prado Del Sol, the result of the proceeding would not have differed. Accordingly, the
trial court did not err in overruling Appellant's motion for a mistrial. Issue One is overruled.

 In Issue Two, Appellant contends the trial court erred by not granting a motion for a
mistrial after it was made aware that the prosecution had been in contact with a juror during
lunch. We must find otherwise. The record indicates that shortly after Appellant rested, he
requested that Juror Phillip Hatch be "struck on the grounds that he's violated, as well as the
prosecution has violated, the no contact with juror rules that we're all under professional
responsibility not to do." Later, Appellant reiterated his request when he indicated to the trial
court that "[a]t this point in time, I would ask the Court, in an abundance of caution, to strike
Mr. Hatch and go with our alternate." Appellant re-urged his motion a third time when he
indicated to the trial court "I'd like to move that we strike Juror Hatch."

 At no point did Appellant move for a mistrial based on jury misconduct. Rather, he
clearly indicated a desire to have Juror Hatch struck from the panel and replaced with an
alternate. Because the complaint at trial does not comport with Appellant's complaint on appeal,
it is not preserved for our review. See Tex.R.App.P. 33.1(a); see also Routier v. State, 112
S.W.3d 554, 586 (Tex.Crim.App. 2003)(trial objection which does not comport with appellate
complaint is not preserved for review). In addition, Appellant again fails to cite any relevant
authority in support of his complaint. Instead, he simply concludes the trial court "clearly" erred
by not granting a mistrial because Juror Hatch was a former teacher of a prosecutor working in
the same office as the prosecutor assigned to this case. (4) By failing to cite any relevant authority
in support of his complaint, Appellant presents nothing for our review. See Tex.R.App.P.
38.1(h); see also Hernandez v. State, 914 S.W.2d 218, 222 (Tex.App.--El Paso 1996, pet.
ref'd)(failure to offer any authority to support position that defendant was denied a
constitutionally fair trial because jurors had access to local newspaper during trial was alone
sufficient to justify overruling point). Issue Two is overruled.

 We affirm the trial court's judgment.




March 29, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. During closing argument, trial counsel stated that the existence of Dominguez had been
first revealed at "a pretrial," thus, counsel was apparently aware of Dominguez prior to trial. 
However, since we have no record of that proceeding, we will assume, arguendo, that
Dominguez's identity was first revealed by Detective Serrano.
2. Includes actual care, custody, control, or management. See Tex.Health & Safety
Code Ann. § 481.002(38)(Vernon Supp. 2006).
3. Officer Serrano testified that he observed Appellant talking to Dominguez on the day of
the incident. During his testimony, Appellant admitted he saw Dominguez at the Prado Del Sol
address on the day he picked up the truck loaded with marihuana, although he denied ever
speaking to him.
4. The brief conversation was limited to a discussion about the weather and occurred
during a break for lunch.