Mark Anthony **WEAD**, Appellant,

v.

The **STATE** of Texas.

No. 0020–03.

Court of Criminal Appeals of Texas.

March 10, 2004.

On the State's Petition for Discretionary Review from the Thirteenth Court of Appeals,[1] Harris County.

Tony Aninao, Houston, for appellant.

Bridget R. Anderson, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

HOLCOMB, J., delivered the opinion of the unanimous Court.

The court of appeals held that the trial court erred in denying appellant's motion for mistrial. *Wead v. State*, 94 S.W.3d

1. It appears from the record that the Texas Supreme Court transferred this case from the First Court of Appeals to the Thirteenth Court of Appeals. See Tex. Gov't Code § 73.001.

131, 138 (Tex.App.-Corpus Christi 2002). We reverse.

### The Relevant Facts

On July 7, 1999, appellant was charged by information with misdemeanor assault. See Tex. Pen.Code § 22.01(a)(1). The State later brought appellant to trial before a jury. During the State's closing argument at the guilt/innocence phase of the trial, the following occurred:

> THE STATE: ... Now, we all heard very credible testimony from an independent witness who sat right here on the stand and told you that that man, the defendant (indicating), sitting right here now looking like he really doesn't care one way or another what happens here today—
>
> DEFENSE COUNSEL: Your Honor, I'm gonna object to the attack on the defendant as improper argument.
>
> THE COURT: Sustained. Uh, please disregard the prosecutor's last comment about the defendant's appearance. Consider it for no purpose whatsoever.
>
> DEFENSE COUNSEL: Move for a mistrial, Your Honor.
>
> THE COURT: That will be denied.

The jury later found appellant guilty as charged, and the trial court assessed his punishment at incarceration for one year and a fine of $4,000.

On direct appeal, appellant brought ten points of error. In his third point of error, he argued that the trial court erred in denying his motion for mistrial. More specifically, appellant argued, for the first time, that the trial court erred because (1) the prosecutor's comment, quoted above, amounted to an indirect comment on appellant's failure to testify and (2) the trial court's instruction to disregard was insufficient to remove the prejudice to appellant caused by the prosecutor's comment. In support of his third point of error, appellant cited, among other things, the Fifth Amendment to the United States Constitution [2] and Article 38.08 of the Texas Code of Criminal Procedure.[3]

The court of appeals sustained appellant's third point of error,[4] reversed the trial court's judgment, and remanded the case for further proceedings. *Wead v. State*, 94 S.W.3d at 138. The court of appeals explained its holding, in relevant part, as follows:

> Our law is clear that commenting upon the defendant's non-testimonial courtroom behavior to establish guilt is improper argument. The State concedes this point, and states the argument could have led the jury to reflect on appellant's failure to testify.[5] Accordingly, we find the State erred in making the complained of argument.

---

**2.** The Fifth Amendment generally prohibits a prosecutor from making adverse comments about a defendant's decision not to testify at trial. *Griffin v. California*, 380 U.S. 609, 611–612, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

**3.** Article 38.08 provides: "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

**4.** The court of appeals addressed appellant's third, eighth, ninth, and tenth points of error and did not address his other points of error.

**5.** The State's concession that "the [prosecutor's] argument could have led the jury to reflect on appellant's failure to testify" is not conclusive on appeal. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex.Crim.App.2002).

... In the instant case, the improper argument commented upon the defendant's election to not testify....

Therefore, the prosecutor's improper argument violated [Article 38.08]. Additionally, the comment was prejudicial because it was accompanied by a gesture by the prosecutor specifically identifying appellant when the objectionable remark was uttered. When the improper comment and accompanying gesture are viewed from the jury's standpoint, the jury would naturally and necessarily take it as a comment on appellant's election to not testify. Accordingly, we hold the improper argument was violative of a mandatory statute [Article 38.08], and so inflammatory that its prejudicial effect could not be reasonably removed by the instruction from the trial judge to disregard. Therefore, we conclude the error was not cured by the trial judge's instruction.

*Id.* at 136–137 (citations omitted).

We granted the State's petition for discretionary review to determine whether the court of appeals erred in holding that the trial court erred in denying appellant's motion for mistrial.[6] See Tex.R.App. Proc. 66.3(c).

### Analysis

■ An appellate court reviewing a trial court's ruling on a motion for mistrial must utilize an abuse of discretion standard of review, *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App.1999), *cert. denied*, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000), and must uphold the trial court's ruling if that ruling was within the zone of reasonable disagreement, *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim.App.1990).[7] In addition, the appellate court must review the trial court's ruling in light of the arguments that were before the trial court at the time it ruled. See Tex.R.App. Proc. 33.1; *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex.Crim.App. 2003) (appellate court reviewing a trial court ruling on a motion to dismiss must do so in light of the arguments before the trial court at the time it ruled); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim.App.2000) (appellate court reviewing a trial court ruling on the admission of evidence must do so in light of the arguments before the trial court at the time it ruled). The appellate court may not fault the trial court on the basis of arguments not presented to the trial court.

It appears that the trial court denied appellant's motion for mistrial because the trial court believed that its instruction to disregard was sufficient to remove any prejudice to appellant caused by the prosecutor's comment. Given the required standard of review, the court of appeals was obligated to uphold the trial court's ruling if that ruling was within the zone of reasonable disagreement. The court of appeals disapproved the trial court's ruling, however, on the ground that the prosecutor's comment amounted to a comment on

---

6. We granted the following grounds for review:

(1) Did the court of appeals err in holding that the State's closing argument contained a comment on appellant's failure to testify?

(2) The Thirteenth Court of Appeals erred in effectively holding a comment on appellant's failure to testify, direct or indirect, can never be cured by an instruction to disregard.

(3) The Thirteenth Court of Appeals erred in conducting a harm analysis under Rule 44.2(a) on error that does not reach constitutional magnitude.

(4) The Thirteenth Court of Appeals erred in finding harm based heavily on the "sheer number of these cases" and not on the facts of this specific case.

7. The court of appeals in this case never stated what standard of review it was using.

appellant's failure to testify and was "so inflammatory that its prejudicial effect could not be ... removed by the instruction ... to disregard."

■ In our view, the court of appeals erred. At the outset, the court of appeals erred in even considering appellant's argument that the prosecutor's comment amounted to a comment on appellant's failure to testify, since appellant made no such argument in the trial court. See *Dragoo v. State*, 96 S.W.3d at 313; *Weatherred v. State*, 15 S.W.3d at 542. In the trial court, appellant complained only that the prosecutor's "attack" on him was "improper argument." Appellant's complaint, in context, appeared to be that the prosecutor was commenting improperly on appellant's courtroom appearance or demeanor.[8]

■ The court of appeals also erred in holding that the prosecutor's comment amounted to a comment on appellant's failure to testify. It is well settled that a prosecutor's comment amounts to a comment on a defendant's failure to testify only if the prosecutor manifestly intends the comment to be, or the comment is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify. *United States v. Jefferson*, 258 F.3d 405, 414 (5th Cir.2001); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex.Crim.App. 2001). It is not sufficient that the comment might be construed as an implied or indirect allusion to the defendant's failure to testify. *Bustamante*, 48 S.W.3d at 765. Nothing in the record suggests that the prosecutor manifestly intended to comment on appellant's failure to testify, and a typical jury would certainly not have naturally and necessarily understood the prosecutor's comment, even with his accompanying gesture, to refer to appellant's failure to testify. The prosecutor's comment, taken literally, was to the effect that appellant appeared unconcerned about the outcome of the trial.

The record shows no abuse of discretion on the part of the trial court in denying appellant's motion for mistrial. On this record, a reasonable trial judge could have concluded that an instruction to disregard would effectively remove any possible prejudice caused by the prosecutor's comment.

We reverse the judgment of the court of appeals and remand the case to that court so that it may address appellant's remaining points of error.[9]

---

8. We have recognized that, during closing argument at the guilt/innocence phase, a prosecutor may not properly comment upon the defendant's demeanor in the courtroom, since the defendant's demeanor in the courtroom is not evidence of guilt. *Good v. State*, 723 S.W.2d 734, 737 (Tex.Crim.App.1986).

9. See footnote four, *supra*.