Affirmed and Memorandum Opinion filed January 23, 2006








Affirmed and Memorandum Opinion filed January 23, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01189-CR

____________

 

RANDY JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris  County, Texas

Trial Court Cause No. 1000959

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Randy Jones, appeals following his conviction
for murder and sentence of twenty-five years in prison.  In his sole point of
error, appellant contends that the trial court abused its discretion in denying
his motion for mistrial.  We affirm.

I.  Background








A detailed summary of the facts underlying the convicted
offense is unnecessary to dispose of appellant=s sole point of
error.  On November 17, 2005, the jury foreperson presented to the trial court
a verdict finding appellant guilty of murder.  When the jury was polled, juror
number seven responded that it was not her verdict.  The trial court then
ordered the jury to continue deliberations.  The jury returned a few hours
later and reported a verdict finding appellant guilty of murder.  The jury was
polled again, and each juror confirmed that it was his or her verdict,
including juror number seven.  The jury then proceeded to the punishment phase
where they assessed punishment as twenty-five years in prison.

II.  Analysis

In his sole point of error, appellant argues that the trial
court erred in denying his motion for mistrial based on jury misconduct.  We
review a trial court=s denial of a motion for mistrial under an
abuse of discretion standard.  Wead v. State, 129 S.W.3d 126, 130 (Tex.
Crim. App. 2004); Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App.
1999).  Mistrial is an extreme remedy for prejudicial events occurring during
the trial process. Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App.
1996).  A mistrial is appropriate for only Ahighly prejudicial
and incurable errors@ and may only be used to end trial
proceedings when the error is so prejudicial that Aexpenditure of
further time and expense would be wasteful and futile.@  Wood v. State,
18 S.W.3d 642, 648 (Tex. Crim. App. 2000).  The determination of whether a
given error necessitates a mistrial must be made by examining the particular
facts of the case.  Id.

At some point subsequent to the judge=s returning the
jury to the jury room for deliberations, juror number seven was brought before
the trial court.  The trial court and juror number seven had the following
exchange:

The Court:    Would you state your
name for the record, please.

Juror:          Bernice Delavega.

The Court:    Yes,
ma=am, what would you
likeC 

Juror:          Well, when I
responded here, went back to the room, they didn=t even give me the benefit of the doubt to let them
know what new things had popped into my head concerning the case.








The Court:    You
mean since the timeC

Juror:          Since
the time we left.

The Court:    CfromCexcuse me, ma=am.  Did you agree
to the verdict in there?   

Juror:          I
agreed to the verdict in there because they were all saying that it was 10 out
of 2 [sic].  Okay.  And they were all trying to argue with us that the, >em, what was going
onC    

The Court:    Okay. 
So between the time that you agreed to the verdict in there and walked out
here, had a seat, you changed you mind again.  Is that what you=re telling me?   

Juror:          Well
because you asked meC 

The Court:    I=m just asking youC 

Juror:          Yes,
sir.  Yes, sir.

The Court:    Cif thatC 

Juror:          Yes,
sir.

The Court:    Cit was unanimous
back there at one time, but when you got out here you changed your mind?  

Juror:          Yes,
sir.  Yes, sir.

The Court:    Okay. 
What is it that you wanted to say?

Juror:          Well,
when we went back there and instead of them giving me the benefit of the doubt
for me to explain what I wanted to clear up with them, they all just started
being very aggressive, hostile.  

The Court:    So
now it=s 11 against you,
is that what you=re telling me?








Juror:          No,
not so much that, the fact that they said it was personal.

The Court:    11
to 1 situation, is that what you=re talking about?

Juror:          I=m not talking
about the case, the people.

The Court:    I=m talking about
the vote, 11 to 1?

Juror:          Yes,
sir.

The Court:    And,
anyway, so they=ve become hostile towards you?

Juror:          Even
before they give me opportunity to tell them why I went back in there, they
were very hostile.  They took it very personal, they said this.  Why are y=all getting
upset?  I mean, this isCthey said this is personal.   

That=s when I just told
him that I was not going working with a jury who are taking this into a
personal level.  We=re here as adults.  I did mention that to
all of them in there.  And all of them were very upset.    

The Court:    Are
you going to be able to go back there and work with them now, try to resolve
the issue?  

If I call them out and talk to them
about the fact that they need to work together to try to resolve these issues,
is there possiblyC  

Juror:          Yes,
sir.

The Court:    Chope in your mind
you might be able to reach a verdict in this case?   

Juror:          Yes,
sir.

The Court:    All
right.  Why don=t you go back in there?








Following this discussion, the trial court allowed
appellant=s trial counsel to question the bailiff.  The bailiff
testified that at some point after the jury had returned for deliberations, he
answered a buzzer summoning him to the jury room.  He stated that he had spoken
with juror number seven and she had informed him that the other jurors were
upset with her and that there was Ahostility.@  She also said
that somebody threw something at her, but she Adidn=t say what it was,
whether paper or anything.@  The trial court also allowed appellant=s trial counsel to
make a brief statement on the record regarding her personal observations of the
discussion between the bailiff and juror number seven.  Appellant=s trial counsel
stated that she heard juror number seven say she had been Aattacked@ (although counsel
admitted that it was unclear whether juror number seven meant verbally or
otherwise) and that Asomebody threw something at me.@  On the basis of
these facts, appellant moved for mistrial, which the judge denied.[1]

The trial court is faced with a two-pronged inquiry when
determining whether a mistrial due to jury misconduct is appropriate: (1) Was
there misconduct (error)?  (2) Was the misconduct so prejudicial that
expenditure of further time and expense would be wasteful and futile?  See
Wood, 18 S.W.3d at 648.  We review the trial court=s denial of a
mistrial under this inquiry for an abuse of discretion.  See Wead,
129 S.W.3d at 130; Trevino, 991 S.W.2d at 851.  To constitute an abuse
of discretion, the trial court=s decision must fall outside the zone of
reasonable disagreement.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 2000).








In this case, it is unclear whether there was juror
misconduct.  It is clear, however, that if there were misconduct, it was not so
prejudicial that expenditure of further time and expense would have been
wasteful and futile.  Juror number seven=s statements to
the trial court show that she was uncertain of appellant=s guilt and that
she felt pressure from the other jurors to side with their reasoning.  However,
when the judge inquired as to whether she thought the jury could Aresolve these
issues@ and Areach a verdict in
this case,@ she replied they could.  Furthermore, the jury did in
fact reach a final verdict of guilt, and, when polled again, juror number seven
responded that it was her verdict.[2] 
These facts support the trial court=s decision not to
declare mistrial.  We cannot say that it was outside the zone of reasonable
disagreement for the trial court to have determined that expenditure of further
time and expense would not be wasteful or futile.  For these reasons, we hold
that the trial court did not abuse its discretion in denying appellant=s motion for
mistrial.  We overrule appellant=s sole point of
error.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed January 23, 2006.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).    

 

 

 









[1]  Both appellant and the State expend significant
portions of their brief on the issue of Texas Rule of Evidence 606(b) as
applied to the statements made by juror number seven, the bailiff, and
appellant=s trial counsel.  Rule 606(b), however, is an
evidentiary rule that details when a juror may testify regarding the validity
of a verdict or indictment.  See Tex.
R. Evid. 606(b).  The statements above clearly were not made with regard
to the indictment, and they could not have been an inquiry into a verdict
because no final verdict had been rendered.  Therefore, Rule 606(b) is
irrelevant to the issues at hand.





[2]  We note that we are not using this fact to
retroactively justify the trial court=s
ruling, but rather as an affirmation of the juror=s belief, expressed to the court at the time it made the ruling, that
the jury could resolve the issues and reach a verdict.