# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00839-CR

**Ronnie James Stephens, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. D-1-DC-05-204292, HONORABLE FRED A. MOORE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Ronnie James Stephens of the offense of robbery. *See* Tex. Penal Code Ann. § 29.02 (West 2003). During punishment, Stephens pleaded true to a prior felony conviction for burglary and the district court assessed punishment at ten years' confinement. *See id*. § 12.42(b) (West Supp. 2006). In his sole issue on appeal, Stephens contends that the district court erred in overruling his objection to the State's comments during closing argument about Stephens's courtroom demeanor. We will affirm.

## BACKGROUND

The underlying facts of this case are uncontested on appeal. The jury heard evidence that on August 22, 2005, John Bonine parked his vehicle in a lot adjacent to Austin Police Department (APD) headquarters. Bonine explained that he regularly conducted business at APD

headquarters on behalf of automotive body shops. Bonine testified that in the parking lot he was approached by Stephens, a tall, very muscular, shirtless, and "wild-looking" man who demanded that Bonine give him a dollar. Bonine testified that, after he refused Stephens's demand, Stephens stated, "If you don't give me a dollar by the time we get to the street I'm going to whoop your ass." Stephens then stood in front of Bonine, blocking his path, and again demanded money. Bonine described Stephens as having a "menacing countenance" throughout the incident. Bonine removed several dollar bills from his pocket and handed them over to Stephens. Bonine testified that, after he handed over the money, he tried to use his cell phone to call 911, but Stephens told him, "You don't want to do that." Bonine then put his phone away and walked over to APD headquarters to report the incident in person.

Sergeant Edmund Hughes and Officer Kevin Kelly responded to the report. Both officers described Stephens's appearance, and their testimony largely matched Bonine's testimony. Additionally, Hughes testified that when he arrived Stephens was "ranting and raving" and had a beer in his hand. Kelly testified that he arrested Stephens for public intoxication and that, when taken into custody, Stephens had "several dollar bills on his person."

On September 9, 2005, Stephens was charged with robbing Bonine. Stephens pleaded not guilty and was tried before a jury. The trial was brief. The State presented the testimony of Bonine, Sergeant Hughes, and Officer Kelly. Stephens did not testify and presented no witnesses. During the State's closing argument at the guilt/innocence phase of the trial, the following occurred:

> THE STATE: [Bonine] came in here and told you just like anybody would if they were a victim of a crime. Not only that, the police corroborated what he said.

2

So I'm going to ask you to think about that when you look at this case. And I know a lot of you are thinking you've seen the defendant, his actions[1] in the courtroom—

DEFENSE COUNSEL: Objection. It's referring to the defendant's demeanor in the courtroom. That comments on the failure to testify.

The district court appeared to overrule Stephens's objection as it related to courtroom demeanor but sustain his objection as it related to the failure to testify:

THE COURT: It's overruled as to what you have seen here in the courtroom, all the proceedings, the full proceedings. However, as is given to you in the Charge of the Court, you are not to consider the fact that the defendant did not testify as any circumstance against him. With that, please continue.

Stephens never asked the district court to clarify its ruling, nor did Stephens request a mistrial. When the State resumed its argument, the prosecutor continued to comment about Stephens's demeanor:

THE STATE: You're thinking some of the actions were out of the ordinary. And maybe it looks like he doesn't care about what happens. Well, just because he may not care, please don't make it that you don't care. Because it's important to Mr. Bonine. . . .

So if the defendant doesn't care, that doesn't matter. We want you to care. . . .

Stephens never renewed his objection to the State's comments.

---

[1] The record does not reflect the "actions" by Stephens to which the State may have been referring. Stephens states in his brief that the State may have been referencing his possible "unconcerned or nonchalant" appearance during trial.

The jury found Stephens guilty, and the district court assessed punishment at ten years' confinement. This appeal followed.

## DISCUSSION

Stephens asserts that the district court's decision to overrule Stephens's objection to the State's closing argument constitutes reversible error. In response, the State contends that (1) Stephens did not preserve error, (2) the State's comments constituted a permissible plea for law enforcement, and (3) any error was harmless.

A proper jury argument must fall within one of four general areas: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to the argument of opposing counsel, or (4) a plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); *Cole v. State*, 194 S.W.3d 538, 544 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Commenting upon the defendant's non-testimonial courtroom behavior or demeanor to establish guilt is improper argument. *Wead v. State*, 129 S.W.3d 126, 128 (Tex. Crim. App. 2004); *Good v. State*, 723 S.W.2d 734, 737 (Tex. Crim. App. 1986). Improper jury argument is reversible error when it (1) violates a statute, (2) injects new and harmful facts into the case, or (3) is manifestly improper, harmful, and prejudicial to the rights of the accused. *Wilson v. State*, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996); *Lee v. State*, 51 S.W.3d 365, 371 (Tex. App.—Austin 2001, no pet.).

Even assuming, without deciding, that the State's comments were improper and that Stephens preserved error, we must ultimately determine whether the alleged error warrants reversal. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Erroneous rulings related to jury

4

argument are generally treated as non-constitutional error within rule 44.2(b) of the rules of appellate procedure. *Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000); *Mosley*, 983 S.W.2d at 259. However, Stephens claims that, in this case, the district court committed constitutional error under the purview of rule 44.2(a) because the improper jury argument amounted to a comment on Stephens's failure to testify. Such a comment would violate the Fifth Amendment, which generally prohibits a prosecutor from making adverse comments about a defendant's decision not to testify at trial.[2] *Griffin v. California*, 380 U.S. 609, 611-12 (1965); *Wead*, 129 S.W.3d at 128 n.2.

We disagree with Stephens's contention that the State's comments referred to his failure to testify. "A prosecutor's comment amounts to a comment on a defendant's failure to testify only if the prosecutor manifestly intends the comment to be, or the comment is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify." *Wead*, 129 S.W.3d at 130 (citing *United States v. Jefferson*, 258 F.3d 405, 414 (5th Cir. 2001)). "It is not sufficient that the language might be construed as an implied or indirect allusion to the defendant's failure to testify." *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). Nothing in the record suggests that the State intended to comment on Stephens's failure to testify, nor are the State's remarks of such a character that a typical jury would naturally and necessarily take them to be a comment on Stephens's failure to testify. Instead, as Stephens states

---

[2] Such a comment would also violate article 38.08 of the code of criminal procedure, which provides: "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005).

in his brief, the State's comments suggest that Stephens appeared "unconcerned or nonchalant" about the outcome of the trial.

Because the State's comments did not implicate Stephens's constitutional rights, we will analyze the alleged harm under rule 44.2(b), which requires that we disregard any error not affecting substantial rights. Tex. R. App. P. 44.2(b). In other words, "the conviction should not be reversed when, after examining the record as a whole, the reviewing court has a fair assurance that the error did not influence the jury or had but a slight effect." *McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005). When analyzing the harm caused by an improper jury argument, we examine the following factors: (1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004) (citing *Mosley*, 983 S.W.2d at 259).

## 1. Severity of the misconduct

When considering this factor, although we examine the egregiousness of the prosecutor's conduct, prejudice to the defendant is "clearly the touchstone" of this factor. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A defendant is prejudiced if the prosecutor's comments ask the jury to draw an unreasonable inference of guilt from the defendant's non-testimonial demeanor. *See Good*, 723 S.W.2d at 738. In *Good*, the prosecutor made the following remarks about the defendant:

> You observed his demeanor in this courtroom and I submit to you it is a reasonable deduction that he would have reacted in some way, shown some concern. He has just sat there cold, unnerved, uncaring, just like he was like that morning [of the burglary]. That tells you a great deal about him. That has nothing to do with articulation or being able to speak or education. *No, that has to do with the fact that he is guilty* and he could care less this week that he is guilty and he could care less back on [the date of the offense].

*Id*. at 735 (emphasis added). In effect, the prosecutor attempted to use Good's neutral courtroom demeanor as evidence that Good committed the crime. That is not the case here. The State did not ask the jury, either directly or indirectly, to infer guilt from Stephens's demeanor. Instead, the State was asking the jury to care about the outcome of the trial even if Stephens did not appear to care about the outcome. Taken in context, such a comment could arguably be considered a plea for law enforcement,[3] which is a proper jury argument. However, even if the State's comments were improper, they were certainly not "egregious." This factor weighs in the State's favor.

### 2. *Measures adopted to cure the misconduct*

Generally, improper jury argument may be cured by an instruction to disregard. *Hawkins*, 135 S.W.3d at 75. The district court did not instruct the jury to disregard the comments. However, after overruling the objection, the district court did remind the jury that it was not to consider the fact that the defendant did not testify as any circumstance against him. Although this was not an instruction to disregard, as the State claims it was, it could arguably be viewed as an instruction not to consider the State's comment for an impermissible purpose. Nonetheless,

---

[3] The State made the comment towards the end of its argument, when it was discussing the impact the crime had on the victim.

overruling Stephens's objection effectively placed a judicial "stamp of approval" on the State's comments. *See Good*, 723 S.W.2d at 738. This factor weighs in Stephens's favor.

### 3. *Certainty of the conviction absent the misconduct*

The State's evidence consisted of the testimony of Bonine and the two police officers who responded to Bonine's complaint. Bonine explained in detail how he was robbed and identified Stephens as the person who robbed him. On cross-examination, Bonine explained to the jury his close physical proximity to Stephens when he was robbed and was able to describe Stephens's appearance during the robbery in great detail. The two police officers corroborated Bonine's description of Stephens.

There was no contrary evidence offered by the defense. The only contested issue at trial was the robber's identity. In closing, Stephens pointed out differences between Bonine's description of Stephens and the description of Stephens given by the police officers. Stephens claimed that these discrepancies created reasonable doubt as to the identity of the robber. However, after reviewing the testimony of all three witnesses for the State, we conclude that their descriptions of Stephens at the time of the incident are largely consistent and that any discrepancies in their testimony were minor. We are certain that at the conclusion of the guilt/innocence phase of the trial the State had proved the robber's identity beyond a reasonable doubt, and even if the State had made no reference to Stephens's courtroom demeanor in its closing argument, Stephens would have been convicted. This factor weighs in the State's favor.

After examining the State's comments in light of the above factors, we find that, even assuming that the comments were improper, there was insufficient harm to warrant reversal of Stephens's conviction. We overrule Stephens's sole issue on appeal.

## CONCLUSION

Having overruled Stephens's issue on appeal, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: March 1, 2007

Do Not Publish