Affirmed and Memorandum Opinion filed June 26, 2007








Affirmed and Memorandum Opinion filed June 26, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00151-CR

_______________

 

ROBERT WAYNE NITSCHE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14,469

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

Robert Wayne Nitsche appeals a
conviction for aggravated sexual assault of a child[1]
on the ground that the trial court abused its discretion by failing to grant
his motion for mistrial.  We affirm.








Appellant was charged with sexually
assaulting the four-year-old granddaughter of his common-law wife, Doris
Eckert, at the house they shared.  During her direct examination, Eckert
described her contact with appellant after returning the child to her parents
following the incident:

THE STATE: Okay.  And after the [complainant=s and witnesses=]
statements were given what, if anything, happened?

WITNESS: After we finished at the jail we all went
back to Ryan and Sara=s house and then I stayed there for just a short time
and then I told them that I neededB I
was just going to go back home and . . . [appellant] had called and left a
couple of messages on my cell phone.

*          *          *

WITNESS: I called him back after I got home.  He saidB

*          *          *

WITNESS: I called him and he was at a friend=s house and heB I
said I=m home now.  We just got through at the hospital and
at the jail.  And I saidB and I asked him again, I said I don=t know how you could do this to our family.  Why did
you do this?  And he said I=ll be there
shortly.  He said I=m on my way, I=ll
be there shortly.  And then he came home and he came in the house and he justB just as normal and he took off his long pants that he
had on and he put on his shorts and I was putting up the dishes in the kitchen
and he said, well, what all happened?  And I said, well, we went to the
hospital and we went to the jail and we all had to give our statements.  I said
now it=s up to the investigator.  And he said, well, what do
you want me to do?  You want me to leave so you won=t be harboring a criminal?  And I said I don=t care what you do.  Just leave me alone.

THE STATE: And, Ms. Eckert, how did he respond to
that?

WITNESS: He started packing his things.  He put what
he could in the suitcase and then he went outside and got in his truck and heB the last thing he said to me was when all this is
over I=ll be back.  And I just went in the house.

THE STATE: Ms. Eckert, did he ever give you an
explanation as to why he did this?

WITNESS: No, ma=am. 
He justB all he ever said that one dayB that Sunday is when I asked him is this the same
that happened before with your familyB

DEFENSE COUNSEL: Objection, Your Honor.  May we
approach?

THE COURT: You may.  

*          *          *

(Jury recessed)

THE COURT: What is the specific objection or specific
request?








DEFENSE COUNSEL: The specific objection, Your Honor,
is that, one, that the [S]tate has gone outside of the Court=s motion in limine.  We feel that theB that the [S]tateB
that in so doing that there=s a prejudice
that has been implanted into this jury=s
mind to where now I do not believe that [appellant] could get a fair trial and
we would therefore ask for a mistrial.

*          *          *

DEFENSE COUNSEL: . . . . With a case of this nature,
Your Honor, when something=s implanted to
the jury=s mind with the emotional charge that it has, if thisB if this wouldB
this would safely be assumed to mean that this type of offense, this type of
issue, did it happen with your other family, is that why your other family
broke up, did you sexually abuse somebody else.  Your Honor, once that=s been implanted into this jury=s mind, from that moment on the curative measure to
disregard, this jury would not be able to disregard that and once they have it
in their mind that he could have, did, possibility, possibly committed another
offense prior to this one with another family, that from that point on any
curative measure to this jury to disregard they would not be able to disregard
and that in the jury=s mind heB
not only did he do this, but that he is some type of pedophile that broke up
another family, he=s been doing this for a long time. . . .

*          *          *

THE COURT: All right.  The motion for mistrial is
denied.  The Court will instruct the jury to disregard the last statement made
by this witness and not to consider it for any purpose.

(Recess.)

THE COURT: Ladies and gentlemen, the last statement
that was made by this witness, you are to disregard such statement and not to
consider it for any purpose in your deliberations.  You may continue.

THE STATE: Did [appellant] ever give you an
explanation for his behavior of June the 4th, 2005?

WITNESS: He told me that he let his guard down.

THE STATE: Okay.

WITNESS: And that he give [sic] [the
complainant] a bath on the outside that afternoon and now she thinks he=s done something.








A trial court's denial of a motion
for mistrial is reviewed for abuse of discretion. Russeau v. State, 171
S.W.3d 871, 885 (Tex. Crim. App. 2005).  A mistrial is appropriate only for
errors that are so prejudicial and incurable that an instruction to disregard
cannot withdraw the impression produced on the minds of the jurors and, thus,
the expenditure of further time and expense would be wasteful and futile.  Simpson
v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).  Whether the
erroneous admission of evidence requires a mistrial is determined by looking at
the facts and circumstances of the case.  Hinojosa v. State, 4 S.W.3d
240, 253 (Tex. Crim. App. 1999).  A trail court=s decision on a motion for mistrial
is reviewed in light of the arguments that were before the trial court at the
time it ruled.  Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App.
2004).

Evidence of extraneous offenses by a
defendant is not admissible if it has no relevance to a fact of consequence
other than to prove his character in order to show that he committed the
charged offense in conformity with that character.  Tex. R. Evid. 404(b); Casey
v. State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  Such evidence is
therefore admissible if it is relevant for other purposes, such as to prove
motive, opportunity, intent, preparation, plan, knowledge, identity, absence of
mistake or accident, or to rebut a defensive issue.  Tex. R. Evid. 404(b);
Casey, 215 S.W.3d at 879.  However, relevant evidence may nevertheless
be excluded if its probative value is substantially outweighed by the danger of
unfair prejudice.  Tex. R. Evid. 403.  Unfair prejudice refers not to the
adverse or detrimental effect of evidence, but to an undue tendency to suggest
a decision on an improper basis, such as by proving an adverse fact that is not
properly in issue or arousing a jury=s hostility against a defendant
without regard to the logical probative force of the evidence.  Casey,
215 S.W.3d at 879-80, 883.

In this case, appellant=s brief contends that the issue for
this court is Awhether reversible error occurred because the jury heard the witness= [sic] testimony and could not
disregard it even though instructed to do so.@  However, a mistrial can be granted
only where there has first been an error, which, in this case, would be the
jury hearing inadmissible evidence.  Appellant did not request or obtain a
ruling at trial on the admissibility of the evidence other than based on his
motion in limine.  However, the court=s ruling on that motion had not
addressed the admissibility of the evidence, but only that a hearing would have
to be held on its admissibility before the State would be allowed to mention
any such matters.








Nor does appellant=s brief challenge or address the
admissibility of the complained-of statement, either in terms of its relevance
or whether it was unfairly prejudicial in the context of the evidence and
contentions made at trial.  Without demonstrating in the trial court or on
appeal that the complained-of statement was inadmissible, appellant=s contentions that it violated the motion
in limine and could not be disregarded by the jury do not demonstrate that the
trial court erred in denying his motion for mistrial.  Accordingly, appellant=s sole issue is overruled, and the
judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 26, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty of the
offense and sentenced him to thirteen years confinement.