Opinion issued May 10,
2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00252-CR

———————————

gabriel dwayne carnell, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 339th District
Court

Harris County, Texas



Trial Court Case No. 1231346

 



 

MEMORANDUM OPINION

          A
jury convicted Gabriel Dwayne Carnell of felony murder, and the trial court
assessed punishment at fifty years’ confinement.[1] On appeal Carnell raises a
single issue, contending that the trial court erred by refusing to grant a
mistrial based on the State’s improper jury argument. We affirm. 

Background

          In the early morning hours
of August 26, 2009, John Froehlich and Clara Reeder drove in Froehlich’s truck to
a Houston-area apartment complex in search of crack cocaine. As Froehlich and
Reeder drove into the apartment complex, they were approached by two people: Tammy
Worley and Carnell. Carnell approached the passenger side of the truck, where
Reeder sat; Worley approached Froehlich on the driver’s side. Reeder explained to
Carnell that she and Froehlich wanted to purchase $40 worth of crack cocaine. Suspicious
that Reeder and Froehlich were police officers, Carnell pulled a gun and
demanded money. Carnell thrust the gun into the truck’s open passenger side window,
striking Reeder in the forehead with the gun. When Froehlich attempted to drive
away, Carnell fired a single shot into the truck, which struck and killed
Froehlich. 

          A grand jury indicted Carnell
for capital murder. The guilt-innocence trial proceeded over the course of
seven days. Thirteen witnesses testified, including Reeder, who identified
Carnell in court as the man who attempted to rob her; Worley, who testified
that Carnell was standing on the passenger side of the truck and that, through
the driver’s side window, she saw the gunfire; and Marilyn Johnson, whose
testimony corroborated Worley’s testimony that Carnell was standing outside the
passenger side of the truck moments before the shot was fired. The State also presented
evidence of Carnell’s jailhouse correspondence expressing his concerns that
Worley would “flip” on him or Johnson would testify. 

During closing argument, Carnell
objected to numerous of the State’s comments to the jury. Three of the
objected-to comments are relevant to this appeal—specifically, the State’s comments asking the jury to “[i]magine one of your loved ones
being the victim,” noting that “every time we [the State] put on a witness,
[Carnell] sat there like this,” and recalling that a palm print found on the
complainant’s truck sat “in a room for about a year-and-a-half, and the first
person to have it examined is the State of Texas. Not by somebody who gets up
here and screams out that [Carnell] was not there.” The trial
court sustained Carnell’s objections to these comments and instructed the jury
to disregard them. The trial court, however, denied Carnell’s request for
mistrial based on the improper jury arguments. After deliberations, the jury
found Carnell guilty of the lesser-included offense of felony murder. 

                                                  Jury
Argument          

Carnell attacks three parts of the
State’s closing argument. The permissible areas of argument for the State
include (1) summation of the evidence, (2) reasonable deductions from the
evidence, (3) responses to argument by defense counsel, and (4) pleas for law
enforcement. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex.
Crim. App. 2000); Guidry
v. State, 9 S.W.3d 133, 154 (Tex.
Crim. App. 1999); Carmen v. State,
358 S.W.3d 285, 300 (Tex. App.—Houston [1st Dist.] 2011, pet. ref’d). When, as here, the trial court instructs the jury
to disregard improper argument, the proper analysis of the instruction’s
efficacy is not harmless error but whether the trial court abused its discretion
by denying the motion for mistrial. Hawkins
v. State, 135 S.W.3d 72, 76−77 (Tex. Crim. App. 2004); Carballo v. State, 303 S.W.3d 742, 748 (Tex.
App.—Houston [1st Dist.] 2009, pet. ref’d). This
analysis focuses on (1) the “severity of the misconduct” (also defined as “the
magnitude of the prejudicial effect of the [State’s] remarks”), (2) the
curative measures taken by the trial court, and (3) the certainty of conviction
absent the conduct. Hawkins, 135
S.W.3d at 77 (stating analysis for closing arguments in punishment phase of
trial); accord Brown v. State, 270
S.W.3d 564, 572 (Tex. Crim. App. 2008) (applying same analysis in guilt phase
of trial). “Further, in evaluating the severity of the misconduct, we must
assess whether the jury argument is extreme or manifestly improper by looking
at the entire record of final arguments to determine if there was a willful and
calculated effort on the part of the State to deprive [Carnell] of a fair and
impartial trial.” Brown,
270 S.W.3d at 573 (internal quotation
omitted). “In most instances, an instruction to disregard the remarks will
cure the error.” Wesbrook,
29 S.W.3d at 115.

Carnell first contends that the
State improperly asked the jurors to place themselves in the shoes of the
complainant’s family by asking jurors to “imagine this: Imagine one of your
loved ones being the victim.” The State may not plead with jurors to abandon
their objectivity by imagining
the events of the criminal act as if they had happened to the jurors themselves
or members of their families. See Brandley v.
State, 691 S.W.2d 699, 712−13
(Tex. Crim. App. 1985); see also Ayala v. State, 267 S.W.3d 428, 435 (Tex. App.—Houston
[14th Dist.] 2008, pet. filed). The Court of Criminal Appeals’s
decision in Brandley
is instructive on the issue of whether the State’s comment affected Carnell’s
substantive rights. In Brandley,
the Court determined that the prosecutor’s request for jurors to place
themselves in the shoes of the child-sexual-assault-and-murder-victim’s father
was an improper plea to the jurors to abandon their objectivity. Brandley, 691 S.W.2d at 712. Defense counsel objected, the trial court
sustained the objection, and the trial court instructed the jury to disregard
the statement. Id. at
713. In light of the timely instruction to disregard and the record as a
whole, the Court concluded that the prosecutor’s plea was harmless. Id. 

The same is true with respect to the State’s plea in this
case. Viewing the State’s closing argument in its entirety,
we cannot conclude that there was a willful and calculated effort on behalf of
the State to deprive Carnell of a fair and impartial trial. The State’s remark
was quick, the trial court immediately instructed the jury to disregard the
remark, and the State did not dwell upon the remark during the remainder of the
State’s argument. The record as a whole, including the timely instruction to
disregard and the incriminating evidence presented at trial, does not indicate
that the State’s remark was of the tenor to require a mistrial. And Carnell
does not make any argument specific to the efficacy of the instruction to
disregard the remark.

Carnell next contends that the State indirectly commented on
his failure to testify with this statement: “Every witness in this case
showed fear. I hope y’all noticed that. Marilyn was really nervous and scared
her first day. I wonder if you noticed this. Throughout this trial, every time
we put on a witness, the defendant sat there like this. Never
looked at the witness.” The State responds that, at most, the comment
went to Carnell’s demeanor or apparent lack of concern for the evidence
presented at trial, not his failure to testify. 

 “Prosecutorial
comment that refers to an accused’s failure to testify violates the accused’s
Fifth Amendment right against compelled self-incrimination.” Canales v. State, 98 S.W.3d 690, 695
(Tex. Crim. App. 2003); see also U.S. Const. amend. V; Tex. Const. art.
I, § 10; Tex. Code Crim. Proc. Ann. Art. 38.08 (West 2005).  “It
is well settled that a prosecutor’s comment amounts to a comment on a
defendant’s failure to testify only if the prosecutor manifestly intends the
comment to be, or the comment is of such character that a typical jury would
naturally and necessarily take it to be, a comment on the defendant’s failure
to testify.” Wead v. State, 129 S.W.3d 126, 130 (Tex.
Crim. App. 2004); see also Bustamante v.
State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). Additionally, “a
prosecutor may not properly comment upon the defendant’s demeanor in the
courtroom, since the defendant’s demeanor in the courtroom is not evidence of
guilt.” Wead,
129 S.W.3d at 129 n.8 (citing Good v.
State, 723 S.W.2d 734, 737 (Tex. Crim. App. 1986)). 

Without deciding whether the State’s remark constituted an
improper comment on Carnell’s failure to testify or an improper comment on his
courtroom demeanor, we conclude that any error was cured by the trial court’s
instruction to the jury to disregard the remark. Except in the most blatant
cases, an instruction to disregard improper argument is considered a sufficient
response by the trial court, even for comments on a defendant’s failure to
testify. See Moore v. State, 999
S.W.2d 385, 405−06 (Tex. Crim. App. 1999) (concluding that instruction to
disregard cured harm from comment on defendant’s failure to testify); Longoria v. State, 154 S.W.3d 747, 764
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d)
(same); Linder v. State, 828 S.W.2d
290, 301 (Tex. App.—Houston [1st Dist.] 1992, writ ref’d)
(same).[2]
Given the nature of the State’s remark, the immediacy of its instruction to
disregard, and the circumstances of this case, we do not believe that the
remark was so blatant as to require a mistrial. A reasonable trial judge could
have concluded that the curative instructive effectively removed any possible
prejudice caused by the State’s comment.

          Carnell next complains
that the State shifted the burden of proof at trial by stating, 

[T]here is a palm print
that’s left on the door of the [complainant’s] truck. We talked about it.
Everybody knows about this. And that print sits in a room for about a
year-and-a-half, and the first person to have it examined is the State of Texas.
Not by somebody who gets up here and screams out that [Carnell] was not there.

 

To the extent this comment can be construed as an attempt to suggest to
the jury that Carnell had any burden of proof in this case, such argument was
improper. See Wesbrook, 29 S.W.3d at 116.
Like the other objected-to arguments by the State, however, this comment was quickly
followed by the trial court’s instruction to disregard. And, again, Carnell has
not explained why the instruction to disregard was insufficient to cure the
error resulting from the State’s comment. 

          Lastly, Carnell contends
that the cumulative effect of the State’s improper arguments denied him a fair
and impartial trial. Beyond
stating that there was “a concerted effort by the State to in[j]ect improper and harmful arguments” and that the improper
arguments “contributed to the jury’s decision to convict [Carnell] of felony
murder,” however, Carnell offers no analysis of the trial court’s alleged abuse
of discretion in refusing to declare a mistrial. Whether considered singly or
cumulatively, we thus find any error arising from the State’s jury arguments to
have been cured by the trial court’s instructions to disregard the improper
arguments. We find no error in the trial court’s refusal to grant a mistrial based
on the three jury arguments discussed above, and we overrule Carnell’s issue
sole on appeal.

Conclusion

          Having determined that the
trial court did not err in refusing to grant a mistrial, we affirm the trial
court’s judgment.

 

Harvey Brown

Justice

 

Panel consists of Justices Bland, Massengale, and
Brown.

 

Do not publish. Tex.
R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §
19.02(b)(3) (West 2011).





[2]
          We note that the trial court
also included the following instruction in its charge: 

 

            Our law provides that a defendant
may testify in his own behalf if he elects to do so. This, however, is a right
accorded a defendant, and in the event he elects not to testify, that fact
cannot be taken as a circumstance against him.

 

            In this case, the defendant has
elected not to testify and you are instructed that you cannot and must not
refer to or allude to that fact throughout your deliberations or take it into
consideration for any purpose whatsoever as a circumstance against him.