NO. 07-11-0448-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 JULY 9, 2012
 _____________________________
 
 FILEMON MARTINEZ, JR., 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 _____________________________
 
 FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;
 
 NO. A-4387-11-04; HONORABLE ROBERT W. KINKAID, JR., PRESIDING
 _____________________________
 
 MEMORANDUM OPINION
 _____________________________
 
Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.
 Filemon Martinez, Jr. (appellant) appeals his conviction for aggravated sexual assault of a child. Through two issues, appellant contends the trial court erred by 1) failing to grant a mistrial, and 2) allowing testimony of an extraneous offense of which he did not receive proper notice. We affirm.
 Background
 At the age of nineteen, appellant had sexual intercourse with the victim who was age twelve at the time. The victim lived in Briscoe County but the assault occurred in Swisher County at a friend's home. During trial, the State called Jay Foster, a Texas Ranger, to testify about his investigation into the alleged assault. The State asked Foster the following question: "[a]nd did you investigate a case in Briscoe County?" Before Foster could answer, defense counsel objected that the question dealt with matters that had occurred outside of Swisher County. A hearing was held at the bench which was not recorded. The State offered to rephrase the question and the trial court sustained appellant's objection. Counsel then moved to have the question stricken, which was granted. A mistrial was then requested, which was denied.
 Later in the trial, the State called the outcry witness to testify. The witness stated that the victim had approached her about obtaining birth control as she was having sex. The witness asked with whom and the victim admitted with appellant. No objection was lodged during this testimony. However, prior to the witness testifying to the statements made to her by the victim, a hearing was held outside the presence of the jury to determine if the witness was the proper outcry witness. An objection was lodged by appellant on this basis and no other objection was made. Appellant was found guilty by a jury. 
 Issue One - Mistrial
 Appellant's first issue contends that the trial court erred by denying his motion for a mistrial. Specifically, he claims that the question regarding Briscoe County "indicated to the jury that perhaps something else had occurred outside of Swisher County." We disagree and overrule the issue.
 We review a trial court's denial of a motion for a mistrial for an abuse of discretion. Ocon v. State, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We view the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of its ruling. Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). We uphold the ruling if it was within the zone of reasonable disagreement. Id. A mistrial is an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors. Ocon v. State, 284 S.W.3d at 884. A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. Id. The particular facts of the case determine whether an error requires a mistrial. Id. Because a mistrial is an extreme remedy, a trial court should grant it "only when residual prejudice remains" after less drastic alternatives are explored. Id.
 We generally consider instructions to the jury to be sufficient to cure most improprieties that occur during a trial. Gamboa v. State, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). And, we presume that a jury will follow the judge's instructions. Id.; see also Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (jury presumed to disregard parole during deliberation when so instructed); Waldo v. State, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988) (jury presumed to follow instruction to disregard testimony regarding defendant's post-Miranda silence); Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (jury presumed to follow instruction after accomplice witness alluded to defendant's previous incarceration).
 Here, the record reflects that Foster testified that an investigation of appellant's case was initiated in Swisher County, and he eventually became involved in the investigation. He first interviewed the victim in Briscoe County where she resided and based on information he obtained from her he travelled to a farmhouse in Kress, Texas, in Swisher County where the assault had occurred. According to the foregoing facts, it was reasonable for the jury to believe Foster's investigation began in Briscoe County because that is where the victim lived, not that any offenses had occurred there. Furthermore, the record fails to reflect any likelihood that the jury would not comply with the trial court's directive to disregard. Therefore, we find the trial court did not abuse its discretion in denying appellant's request for a mistrial. 
 Issue Two - Extraneous Offense
 In his second issue, appellant contends the trial court erred by permitting a witness to testify about taking the victim to a clinic for birth control because she was having sex with appellant. According to appellant, this was an extraneous offense and he had not received the proper notice from the State of its intended use. However, we note that from the record, counsel failed to object to the testimony as extraneous, instead the objection was that the witness was not the proper outcry witness. Given this, we must conclude that the objection asserted below fails to comport with that proffered on appeal. Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that the complaint on appeal must comport with that made at trial). Consequently, the complaint before us was not preserved below. 
 Accordingly, the judgment is affirmed.

 Brian Quinn
 Chief Justice

Do not publish.