

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00317-CR

**MICHAEL WAYNE SMITH,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. F44966**

## MEMORANDUM  OPINION

A jury convicted Appellant Michael Wayne Smith of burglary of a motor vehicle with two prior convictions for burglary of a motor vehicle and assessed his punishment, enhanced by prior felony convictions, at ten years' imprisonment and a $10,000 fine. This appeal ensued.  In his sole issue, Smith contends that the trial court "erred in failing to grant a mistrial after the introduction of extraneous offense evidence."

The State asked Lieutenant Michael Gaudet of the Johnson County Sheriff's Office what State's Exhibit No. 2 was, and he testified that State's Exhibit No. 2 was a

rolled inked fingerprint card that he had obtained from Smith earlier that day. The State then asked what State's Exhibit No. 3 was, and Gaudet replied, "That is a rolled inked fingerprint card from 9/7/2001 for a Failure to I.D. Fugitive From Justice." At that point, Smith objected, stating, "We haven't seen this and he's testifying from a document not in evidence." The jury was excused briefly while the trial court, the State, and Smith had the following discussion.

Smith stated, "First off, Judge, my objection is we're testifying about extraneouses at Guilt/Innocence. So on that, I would ask for a mistrial because he just testified about a Failure to I.D. Fugitive From Justice." The State responded it would have no objection to instructing the jury to disregard. The State explained that it was not going to actually offer State's Exhibit No. 3 into evidence. Rather, the purpose for offering Gaudet's testimony regarding State's Exhibit No. 3 was to show when Smith had been arrested for his two prior burglary-of-a-motor-vehicle offenses as alleged in the indictment. Smith had been arrested, however, for several offenses on that date, and Gaudet apparently referred to the "top offense" on State's Exhibit No. 3 that Smith was arrested for that day, which was Failure to I.D. Fugitive From Justice. The trial court denied Smith's motion for mistrial and then asked if Smith wished to have an instruction to disregard. Smith decided against the curative instruction to disregard but agreed with the State to have an instruction concerning extraneous offenses added to the jury charge. The jury returned to the courtroom.

Gaudet then testified that State's Exhibit No. 3 shows the date of arrest for two burglary-of-a-motor-vehicle offenses as September 7, 2001. The fingerprints from

State's Exhibit No. 3 are the same as those contained in State's Exhibit No. 2, which Gaudet took from the defendant, "Michael Wayne Smith," that day. State's Exhibits Nos. 4 and 5 are judgments for a "Michael Wayne Smith." The judgments each have a thumbprint on them. Gaudet was not able to make a positive identification based on those thumbprints, but he was able to obtain one point of identification on State's Exhibit No. 4 and five points of identification on State's Exhibit No. 5. On the last page of both State's Exhibits Nos. 4 and 5, the defendant's name is indicated as "Michael Wayne Smith," the offense is indicated as burglary of a vehicle, and the date of the offense is indicated as September 7, 2001. The State then asked, "And does that correlate to the fingerprint card that you got from the jail today?" Gaudet replied, "Yes, it does."

The State then offered State's Exhibits Nos. 4 and 5 into evidence, and the following exchange took place:

> [Defense Counsel]: Your Honor, we still object to State's 4 and 5 as hearsay and lack of foundation and relevancy.
>
> THE COURT: Specifically, can you explain your objections more specifically.
>
> [Defense Counsel]: Yes, Judge. We feel that there's been no predicate laid as far as these documents with regard to any overcoming any hearsay objection, with regard to 701, 702, any hearsay objection. I believe they have not met the predicate to overcome the hearsay objection.
>
> THE COURT: Okay.
>
> [Defense Counsel]: Then they also have not overcome any -- well, basically on the hearsay, they haven't met -- been able to tie this in or overcome their hearsay objections, Your Honor.

THE COURT: All right. Will State continue.

[Prosecutor]: Judge, both of these documents are certified copies from the County Clerk's Office here in Johnson County. The Detective has testified that the dates and offenses of -- contained in these judgments match the date and offenses contained in the fingerprint card that he obtained today.

THE COURT: Objection is overruled. You may continue.

[Prosecutor]: Thank you, Your Honor. Are State's 4 and 5 admitted?

THE COURT: Yes, sir. Admitted.

We begin by addressing the State's argument that Smith failed to preserve his issue for appellate review because Smith objected to Gaudet's improper comment and then moved for a mistrial without requesting a curative instruction. A complaint regarding the admission of evidence may take three forms: (1) a timely, specific objection; (2) a request for an instruction to disregard; and (3) a motion for mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Each of these methods furthers the policies of preventing and correcting errors and conserving judicial resources. *Id.* An objection serves as a preemptive measure because it prompts the prevention of harmful events. *Id.* An instruction to disregard is a corrective measure because it attempts to cure any harm or prejudice resulting from events that have already occurred. *Id.* In a case where the prejudice is curable, an instruction eliminates the need for a mistrial and serves to conserve judicial resources. *Id.* A mistrial is also a corrective measure, but it is reserved for those cases where an objection could not have prevented and an instruction to disregard could not cure the prejudice stemming from

an event at trial. *Id.*

A party who fails to request an instruction to disregard forfeits appellate review of events that could have been cured by such an instruction. *Id.* at 70. But if an instruction to disregard could not have had that effect, the only suitable remedy is a mistrial, and an adverse ruling on a motion for mistrial is the only essential prerequisite to presenting the complaint on appeal. *See id.* When a party's first action is to move for mistrial, as in this case, the scope of appellate review is thus limited to the question of whether the trial court erred in not taking the most serious action of ending the trial. *Id.* When a defendant moves for mistrial without first requesting an instruction to disregard, as occurred in this case, he will obtain reversal only if the error could not have been cured by an instruction to disregard. *Id.*

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). An appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wead*, 129 S.W.3d at 129. A mistrial is required only in extreme circumstances where the prejudice is incurable. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). A mistrial is the trial court's remedy for improper conduct that is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Hawkins*, 135 S.W.3d at 77.

Smith argues that a mistrial was required because multiple instances of his extraneous bad conduct were admitted. He states that the evidence included that he "had committed precisely the same crime for which he was then on trial on more than

one previous occasion." He contends, "The only inference the jury could have drawn from this was that Appellant was a habitual or professional car burglar and the case at bar was merely his latest crime."

The two prior convictions for burglary of a motor vehicle, the allegations of which Smith pleaded "not true," are jurisdictional elements of a state-jail-felony burglary-of-a-motor-vehicle offense. *See* Tex. Penal Code Ann. 30.04(d)(2)(A) (West 2011). Thus, the prior convictions for burglary of a motor vehicle were not evidence of extraneous offenses, and the trial court did not abuse its discretion in allowing the State to present evidence of those prior convictions during the guilt-innocence phase of trial. The only extraneous offense then that Gaudet briefly mentioned was "Failure to I.D. Fugitive From Justice."

It is well established that testimony referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard unless it is so clearly calculated to inflame the minds of the jury and is of such a nature as to suggest the impossibility of withdrawing the harmful impression from the jury's mind. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). We conclude that Gaudet's uninvited, unembellished reference to "Failure to I.D. Fugitive From Justice" was not so inflammatory as to undermine the efficacy of an instruction to disregard, had one been requested. Because the error could have been cured by an instruction to disregard had one been requested, the trial court did not abuse its discretion by denying Smith's motion for mistrial. Smith's sole issue is overruled, and the trial court's judgment is affirmed.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 8, 2013
Do not publish
[CR25]