

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

### NO. 2-07-010-CR

---

CASEY DEAN TERRY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Casey Dean Terry appeals from his conviction for driving while intoxicated. In three points, he argues that the trial court erred by failing to grant his motions for mistrial (1) after the arresting officer testified concerning the percentage of people whose blood-alcohol level is over .10 percent when they fail the horizontal gaze nystagmus test and (2) after the State elicited

---

[1] *See* TEX. R. APP. P. 47.4.

testimony from one of Appellant's witnesses about the witness's prior DWI conviction and (3) that repeated prosecutorial misconduct throughout trial mandates reversal of his conviction.  We affirm.

## Background[2]

Appellant and his passenger were involved in a motor vehicle collision in the early morning hours of January 10, 2006.  Police officer James Russell was dispatched to the accident scene.  Officer Russell testified that Appellant "seemed a little disoriented and confused" and that his speech was slurred.  Officer Russell said that he smelled a very strong odor of alcoholic beverages on Appellant's breath and  saw that Appellant had difficulty maintaining his balance, staggered when he walked, and had to grab the concrete median barrier for support several times during their conversation.  Appellant's eyes, testified Officer Russell, were "real dilated," very watery, and bloodshot.

Officer Russell suspected that Appellant was "extremely intoxicated" and decided to administer the usual battery of field sobriety tests.  He testified that Appellant showed six "clues" of intoxication during the horizontal gaze nystagmus test; had difficulty following the instructions and maintaining his

_____

[2] Appellant does not challenge the sufficiency of the evidence to support his conviction.  Thus, a cursory review of the facts will suffice to put his points into context.

2

balance on the walk-and-turn test; and hopped, lost his balance, raised one arm, and fell into a concrete barrier on the one-leg-stand test. Officer Russell arrested Appellant for driving while intoxicated and transported him to the jail. At the jail, Appellant refused to take a breath test.

The State charged Appellant by complaint with driving while intoxicated. A jury found Appellant guilty, and the trial court sentenced him to ninety days' confinement suspended for twenty four months and a $500 fine.

**Discussion**

In his first point, Appellant argues that the trial court erred by failing to grant his motion for mistrial after Officer Russell testified that "[a]t four clues, in 1998 the revalidation of the [horizontal gaze nystagmus] test by NHTSA indicates that a person is 88 percent -- ." Appellant objected to the testimony, the trial court sustained the objection and instructed the jury to disregard Officer Russell's statement, and Appellant moved for a mistrial, which the trial court denied.

An appellate court reviews a trial court's ruling on a motion for mistrial using an abuse of discretion standard. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). The appellate court views the evidence in the light most favorable to the trial court's ruling and upholds the trial court's ruling if it was within the zone of reasonable disagreement. *Id.*; *Wead v. State*, 129

3

S.W.3d 126, 129 (Tex. Crim. App. 2004). The appellate court does not substitute its judgment for that of the trial court but rather decides whether the trial court's decision was arbitrary or unreasonable. *Webb*, 232 S.W.3d at 112.

Mistrial is appropriate only for highly prejudicial and incurable errors. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004). A trial court may grant a mistrial when it is faced with an error so prejudicial that the expenditure of further time and expense would be wasteful and futile. *Id.* The general rule, however, is that any error in the admission of improper evidence may be corrected by withdrawing the evidence and instructing the jury to disregard it. *See Rojas v. State*, 986 S.W.2d 241, 250–51 (Tex. Crim. App. 1998).

When a trial court strikes evidence and instructs the jury to disregard it, in the absence of evidence indicating that the members of the jury failed to do so, the jury is presumed to have followed the trial court's instruction. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App.), *cert. denied*, 529 U.S. 1070 (1999); *State v. Boyd*, 202 S.W.3d 393, 402 (Tex. App.—Dallas 2006, pet. ref'd).

Appellant points to no evidence that the jury failed to follow the trial court's instruction to disregard Officer Russell's statement, and our own review of the record finds none. Moreover, Officer Russell did not complete his

4

sentence before Appellant objected, and his incomplete sentence was not of such a highly prejudicial character that it was wasteful and futile to continue the trial. *See Simpson*, 119 S.W.3d at 272. We therefore hold that the trial court did not abuse its discretion by refusing to grant Appellant's motion for mistrial, and we overrule his first point.

In his second point, Appellant argues that the trial court abused its discretion by failing to grant a mistrial after the prosecutor asked one of Appellant's witnesses whether he had been convicted for driving while intoxicated. Morgan Roberts testified that he had been drinking with Appellant on the night in question and that Appellant appeared to be "okay" when he left, driving his passenger's car because the passenger was drunk. Appellant later telephoned Roberts and told him he had been in an accident. Roberts drove to the scene of the accident, saw Appellant talking to a police officer, and decided to drive on by. The following colloquy occurred on Roberts's cross-examination:

> Q. Why didn't you stop and get off and say, "Officers, that man is not intoxicated?"
>
> A. I didn't know that was really a -- in my opinion, if you see a bunch of police officers, I -- I haven't been put in that situation many times, but I don't usually pull over when officers are at the location.

5

Q. Well, you say that you haven't been put in that situation many times with police officers . . . .

. . . .

Now, Isn't it true that you, yourself, have been convicted for DWI?

Appellant objected to the question as irrelevant and more prejudicial than probative, and the trial court sustained the objection and instructed the jury to disregard the question. Appellant then moved for a mistrial, which the trial court denied.

"Generally, any error in asking an improper question is cured and rendered harmless by an instruction to disregard," and a defendant complaining of an improper question or answer must show obvious harm that could not be cured by an instruction to disregard. *McIntosh v. State,* 855 S.W.2d 753, 770 (Tex. App.—Dallas 1993, pet. ref'd) (citing *Ransom v. State,* 789 S.W.2d 572, 585 (Tex. Crim. App. 1989)). Assuming that the question about a prior conviction was improper, Appellant has not shown obvious harm that could not be cured by an instruction to disregard. Nothing in the record suggests that the jury failed to obey the trial court's instruction to disregard the question. *See Ladd*, 3 S.W.3d at 567. We therefore hold that the trial court did not abuse its discretion by denying Appellant's motion for mistrial, and we overrule his second point.

6

In his third point, Appellant argues that his "conviction should be overturned because of repeated prosecutorial misconduct throughout the trial." The alleged misconduct is (1) Officer Russell's testimony discussed in Appellant's first point; (2) the prosecutor's question discussed in his second point; (3) the State's failure to disclose before trial the fact that one of the State's witnesses—his passenger at the time of the accident—had a prior conviction for theft;[3] and (4) argument allegedly outside the record when the prosecutor said during closing argument, "Now, that's three standardized field sobriety tests and the opinion of four sober people. Okay?" The trial court sustained Appellant's objection to this statement as outside the record and instructed the jury to disregard it but denied his motion for mistrial. Appellant argues that these four instances, considered together, show a "pattern of government misconduct" that requires a new trial.

We have already determined that the trial court did not abuse its discretion by refusing to grant a mistrial on the basis of Officer Russell's testimony or the prosecutor's question about Roberts's DWI conviction. Appellant admits that he was not harmed by the State's failure to disclose his passenger's theft conviction because he discovered the conviction on his own

---

[3] Appellant raised this complaint in a motion for new trial.

before trial. With regard to the argument outside the record, Appellant does not explain how the argument was outside the record nor — more significantly — why the trial court's instruction to disregard was an inadequate remedy; therefore, we presume that the instruction to disregard was sufficient. *See Ladd*, 3 S.W.3d at 567.

Thus, considered separately, none of the alleged instances of prosecutorial misconduct justifies a new trial. Considered together, the isolated and unrelated alleged instances of misconduct do not show a pattern of conduct that deprived Appellant of a fair and impartial trial. We therefore overrule Appellant's third point.

### Conclusion

Having overruled all of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL A: GARDNER, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: April 17, 2008