COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-010-CR

 

 

CASEY DEAN TERRY                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Casey Dean Terry
appeals from his conviction for driving while intoxicated.  In three points, he argues that the trial
court erred by failing to grant his motions for mistrial (1) after the
arresting officer testified concerning the percentage of people whose blood-alcohol
level is over .10 percent when they fail the horizontal gaze nystagmus test and
(2) after the State elicited testimony from one of Appellant=s witnesses about the witness=s prior DWI conviction and (3) that repeated prosecutorial misconduct
throughout trial mandates reversal of his conviction.  We affirm.

                                            Background[2]

Appellant and his passenger
were involved in a motor vehicle collision in the early morning hours of
January 10, 2006.  Police officer James
Russell was dispatched to the accident scene. 
Officer Russell testified that Appellant Aseemed a little disoriented and confused@ and that his speech was slurred. Officer Russell said that he smelled
a very strong odor of alcoholic beverages on Appellant=s breath and  saw that Appellant
had difficulty maintaining his balance, staggered when he walked, and had to
grab the concrete median barrier for support several times during their
conversation.  Appellant=s eyes, testified Officer Russell, were Areal dilated,@ very
watery, and bloodshot.  








Officer Russell suspected
that Appellant was Aextremely
intoxicated@ and decided
to administer the usual battery of field sobriety tests.  He testified that Appellant showed six Aclues@ of
intoxication during the horizontal gaze nystagmus test; had difficulty
following the instructions and maintaining his balance on the walk-and-turn
test; and hopped, lost his balance, raised one arm, and fell into a concrete
barrier on the one-leg-stand test. 
Officer Russell arrested Appellant for driving while intoxicated and
transported him to the jail. At the jail, Appellant refused to take a breath
test. 

The State charged Appellant
by complaint with driving while intoxicated. 
A jury found Appellant guilty, and the trial court sentenced him to
ninety days= confinement
suspended for twenty four months and a $500 fine. 

                                             Discussion

In his first point, Appellant
argues that the trial court erred by failing to grant his motion for mistrial
after Officer Russell testified that A[a]t four clues, in 1998 the revalidation of the [horizontal gaze
nystagmus] test by NHTSA indicates that a person is 88 percent -- .@  Appellant objected to the
testimony, the trial court sustained the objection and instructed the jury to
disregard Officer Russell=s statement,
and Appellant moved for a mistrial, which the trial court denied. 








An appellate court reviews a trial court=s ruling on a
motion for mistrial using an abuse of discretion standard.  Webb v. State, 232 S.W.3d 109, 112
(Tex. Crim. App. 2007).  The appellate
court views the evidence in the light most favorable to the trial court=s ruling and
upholds the trial court=s ruling if it was within the zone of
reasonable disagreement.  Id.; Wead
v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  The appellate court does not substitute its
judgment for that of the trial court but rather decides whether the trial court=s decision was
arbitrary or unreasonable.  Webb,
232 S.W.3d at 112.

Mistrial is appropriate only for highly prejudicial and
incurable errors.  Simpson v. State,
119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 542 U.S. 905
(2004).  A trial court may grant a
mistrial when it is faced with an error so prejudicial that the expenditure of
further time and expense would be wasteful and futile.  Id. 
The general rule, however, is that any error in the admission of
improper evidence may be corrected by withdrawing the evidence and instructing
the jury to disregard it.  See Rojas
v. State, 986 S.W.2d 241, 250B51 (Tex. Crim.
App. 1998).

When a trial court strikes evidence and instructs the jury
to disregard it, in the absence of evidence indicating that the members of the
jury failed to do so, the jury is presumed to have followed the trial court=s
instruction.  See Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App.), cert. denied, 529 U.S. 1070 (1999); State
v. Boyd, 202 S.W.3d 393, 402 (Tex. App.CDallas 2006, pet.
ref=d).








Appellant points to no
evidence that the jury failed to follow the trial court=s instruction to disregard Officer Russell=s statement, and our own review of the record finds none. Moreover,
Officer Russell did not complete his sentence before Appellant objected, and
his incomplete sentence was not of such a highly prejudicial character that it was
wasteful and futile to continue the trial.  See Simpson, 119 S.W.3d at 272.
 We
therefore hold that the trial court did not abuse its discretion by refusing to
grant Appellant=s motion for
mistrial, and we overrule his first point.

In his second point,
Appellant argues that the trial court abused its discretion by failing to grant
a mistrial after the prosecutor asked one of Appellant=s witnesses whether he had been convicted for driving while
intoxicated.  Morgan Roberts testified
that he had been drinking with Appellant on the night in question and that
Appellant appeared to be Aokay@ when he left, driving his passenger=s car because the passenger was drunk. 
Appellant later telephoned Roberts and told him he had been in an
accident.  Roberts drove to the scene of
the accident, saw Appellant talking to a police officer, and decided to drive
on by.  The following colloquy occurred
on Roberts=s
cross-examination:

Q.     Why didn=t you stop and get off and
say, AOfficers,
that man is not intoxicated?@

 

A.     I didn=t know that was really a --
in my opinion, if you see a bunch  of
police officers, I -- I haven=t been put in that situation
many times, but I don=t
usually pull over when officers are at the location.

 








Q.     Well, you say that you haven=t
been put in that situation many times with police officers . . . .

 

. . . .

 

Now, Isn=t it true that you, yourself,
have been convicted for DWI?  

 

Appellant objected to the question as irrelevant
and more prejudicial than probative, and the trial court sustained the
objection and instructed the jury to disregard the question.  Appellant then moved for a mistrial, which
the trial court denied. 

AGenerally,
any error in asking an improper question is cured and rendered harmless by an
instruction to disregard,@ and a
defendant complaining of an improper question or answer must show obvious harm
that could not be cured by an instruction to disregard.  McIntosh v. State, 855 S.W.2d 753, 770
(Tex. App.CDallas 1993,
pet. ref=d) (citing Ransom v. State, 789 S.W.2d 572, 585 (Tex. Crim.
App. 1989)).  Assuming that the question
about a prior conviction was improper, Appellant has not shown obvious harm
that could not be cured by an instruction to disregard.  Nothing in the record suggests that the jury
failed to obey the trial court=s instruction to disregard the question. 
See Ladd, 3 S.W.3d at 567.  We therefore hold that the trial court did
not abuse its discretion by denying Appellant=s motion for mistrial, and we overrule his second point.








In his third point, Appellant
argues that his Aconviction
should be overturned because of repeated prosecutorial misconduct throughout
the trial.@  The alleged misconduct is (1) Officer Russell=s testimony discussed in Appellant=s first point; (2) the prosecutor=s question discussed in his second point; (3) the State=s failure to disclose before trial the fact that one of the State=s witnessesChis
passenger at the time of the accidentChad a prior conviction for theft;[3]
and (4) argument allegedly outside the record when the prosecutor said during
closing argument, ANow, that=s three standardized field sobriety tests and the opinion of four
sober people.  Okay?@  The trial court sustained
Appellant=s objection
to this statement as outside the record and instructed the jury to disregard it
but denied his motion for mistrial. 
Appellant argues that these four instances, considered together, show a Apattern of government misconduct@ that requires a new trial.  








We have already determined
that the trial court did not abuse its discretion by refusing to grant a
mistrial on the basis of Officer Russell=s testimony or the prosecutor=s question about Roberts=s DWI conviction.  Appellant
admits that he was not harmed by the State=s failure to disclose his passenger=s theft conviction because he discovered the conviction on his
own  before trial.  With regard to the argument outside the
record, Appellant does not explain how the argument was outside the record norCmore significantlyCwhy the trial court=s instruction to disregard was an inadequate remedy; therefore, we
presume that the instruction to disregard was sufficient.  See Ladd, 3 S.W.3d at 567.

Thus, considered separately,
none of the alleged instances of prosecutorial misconduct justifies a new
trial.  Considered together, the isolated
and unrelated alleged instances of misconduct do not show a pattern of conduct
that deprived Appellant of a fair and impartial trial.  We therefore overrule Appellant=s third point.

                                             Conclusion

Having overruled all of
Appellant=s points, we
affirm the trial court=s judgment.        

PER CURIAM

 

PANEL A:   GARDNER, J.; CAYCE, C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
April 17, 2008











[1]See Tex. R. App. P. 47.4.





[2]Appellant
does not challenge the sufficiency of the evidence to support his
conviction.  Thus, a cursory review of
the facts will suffice to put his points into context.





[3]Appellant
raised this complaint in a motion for new trial.