

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-017-CR

TIMOTHY ALDRICH                                          APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Timothy Aldrich of aggravated assault with a deadly weapon and assessed his punishment at fifteen years' confinement. In a single point, Aldrich argues that the trial court erred by overruling his objection to the State's comment on his failure to testify. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

Aldrich lived next door to Shirley Bryant. On February 19, 2007, Bryant called the police when Aldrich, who became involved in a confrontation with an individual performing electrical work on Bryant's house, threatened to throw an egg on Bryant's car. The police arrived and summoned a "Code Enforcement" officer to inspect Aldrich's residence.[2] Due to "unsafe conditions" at the house, authorities instructed Aldrich to gather his belongings and leave. Aldrich left the house, but Bryant saw him there later that day and called the police. The police returned, made contact with Aldrich, and then left.

Later the same day, Bryant was standing outside her neighbor's residence when she saw Aldrich approaching her. Aldrich asked Bryant why she was "in his business" and why she kept "F'ing with" him; he yelled "I will kill you," and he pulled a small baseball bat, or "club," from under his coat and began swinging it at her.[3] Fearing injury, and to avoid being hit by the club, Bryant "weaved" and "bobbed" as she backed away from Aldrich, who was yelling obscenities at her. Bryant called the police, her neighbor confronted Aldrich with his own baseball bat, and Aldrich left the area before the police arrived. Aldrich did not testify at the trial on the merits.

---

[2] Aldrich did not own the residence.

[3] According to Bryant's neighbor, the club was made out of wood and was capable of causing serious bodily injury.

2

In his sole point, Aldrich argues that the trial court erred by overruling his objection to part of the State's closing argument at the guilt stage of his trial. Specifically, Aldrich contends that the State impermissibly commented on his failure to testify and that the error was harmful.

Defense counsel made the following statements as part of his closing argument:

> Now, let's talk about the investigation, or actual lack of investigation. Your city, your county didn't put an investigator on this case. *Nobody ever asked Mr. Aldrich what happened. Nobody ever - - even after they arrested him, they didn't think to interview him about what happened*.
>
> They didn't come back and talk to her. They didn't come back and talk to Mr. Saltsgiver. They didn't come back and talk to Mr. - - the other people that were present. There was at least four or five other people there that witnessed it. *How hard it would have been to come back, and you know, maybe take some down [sic] information and get that much accomplished*. [Emphasis added.]

The following remarks by the State and objection by Aldrich occurred immediately after defense counsel concluded his closing argument:

> [State]: Well, let me address a few things right off the bat for Mr. Scott's [Aldrich's attorney] benefit, as well as your own. *No one prevented this individual, as Mr. Scott has implied, from telling his story if he wanted to. He never volunteered it. He never took an opportunity to tell it.*
>
> [Defense counsel]: Your Honor, we object. That's improper argument. We can't discuss a clients's right or not right to testify.

3

The Court: Overruled.

[State]: He argued to you that he was never given an opportunity to make a defense. You don't defend yourself when you're guilty. You don't flee this scene when you're innocent.

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). The State may answer jury arguments by the defense if the response does not exceed the scope of the invitation. *Andujo v. State*, 755 S.W.2d 138, 144 (Tex. Crim. App. 1988).

Under code of criminal procedure article 38.08, a defendant's choice to not testify on his own behalf shall not be taken as circumstance against him, and his decision not to testify shall not be alluded to or commented on by counsel. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005); *see also Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001) (stating that neither the trial judge nor the prosecutor can comment on the failure of an accused to testify because such a comment violates the privilege against self-incrimination and the freedom from being compelled to testify contained in the Fifth Amendment of the United States Constitution and Article I, § 10, of the

4

Texas Constitution); *White v. State*, 201 S.W.3d 233, 244 (Tex. App.—Fort Worth 2006, pet. ref'd). To determine if the State's comment violated article 38.08 and constituted an impermissible reference to a defendant's failure to testify, we must consider whether the language used was manifestly intended or was of such a character that the jury would have naturally and necessarily considered it to be a comment on the defendant's failure to testify. *Bustamante*, 48 S.W.3d at 765; *see Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004). The offending language must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear. *Bustamante*, 48 S.W.3d at 765; *White*, 201 S.W.3d at 244. A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent. *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996); *White*, 201 S.W.3d at 244; *Terrell v. State*, Nos. 02-07-00083-CR, 02-07-00084-CR, 2008 WL 3877295, at *1 (Tex. App.—Fort Worth Aug. 21, 2008, pet. ref'd) (mem. op., not designated for publication).

Here, defense counsel raised the issue of the State's investigation of Aldrich's case when he argued that no one had asked Aldrich about the events forming the basis of Aldrich's prosecution and queried about how difficult it

5

would have been for the State to gather information had it conducted an investigation. Instead of commenting on Aldrich's failure to testify at trial, the State's complained-of statement that Aldrich never told his side of the story can reasonably be construed as referring to the evidence that Aldrich left on foot after the confrontation with Bryant but before the police arrived and, thus, Aldrich's ensuing failure on February 19, 2007, to explain to police his version of the events that occurred between he and Bryant. The statements, which did not exceed the scope of defense counsel's invitation to address the matter, were in direct response to defense counsel's argument regarding the State's investigation, or alleged "lack of investigation." The prosecutor made the statements immediately upon commencing his rebuttal closing argument; he prefaced them by stating, "Well, let me address a few things right off the bat for Mr. Scott's benefit," and he said, "as Mr. Scott has implied" while making the objected-to argument. Viewed from the standpoint of the jury, there is no clear implication that the State's complained-of statements referred to Aldrich's failure to testify. Additionally, we must conclude that the prosecutor's statements were neither manifestly intended to refer to Aldrich's failure to testify nor were they of such a character that the jury would have naturally considered the remarks to be commenting on Aldrich's failure to testify. *See Bustamante*, 48 S.W.3d at 765.

6

Furthermore, even assuming that the prosecutor's statements were an improper comment on Aldrich's failure to testify, any error was harmless. We apply a rule 44.2(a) constitutional harm analysis in situations where the State comments on a defendant's failure to testify and reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. Tex. R. App. P. 44.2(a); *Lair v. State*, 265 S.W.3d 580, 590 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). In applying the "harmless error" test, our primary question is whether there is a "reasonable possibility" that the error might have contributed to the conviction. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). The analysis should not focus on the propriety of the outcome of the trial; instead, we should calculate as much as possible the probable impact on the jury in light of the existence of other evidence. *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001). We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity. *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). This requires

7

us to evaluate the entire record in a neutral, impartial, and even-handed manner, not "in the light most favorable to the prosecution." *Id.* at 586.

Our neutral, impartial review of the record demonstrates that the prosecutor's statements were responsive to defense counsel's argument, that the statements were, at most, an indirect comment on Aldrich's failure to testify, that the prosecutor did not repeat or emphasize the statements throughout the remainder of his rebuttal closing argument, and that a juror would probably not attribute much, if any, weight to the error. After carefully reviewing the record and performing the required harm analysis under rule 44.2(a), we hold beyond a reasonable doubt that the trial court's error did not contribute to appellant's conviction or punishment. Tex. R. App. P. 44.2(a). We overrule Aldrich's sole point.

Having overruled Aldrich's point, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 9, 2009

8