COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-017-CR

 

 

TIMOTHY ALDRICH                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted Appellant Timothy Aldrich of
aggravated assault with a deadly weapon and assessed his punishment at fifteen
years=
confinement.  In a single point, Aldrich
argues that the trial court erred by overruling his objection to the State=s
comment on his failure to testify.  We
will affirm.








Aldrich lived next door to Shirley Bryant.  On February 19, 2007, Bryant called the
police when Aldrich, who became involved in a confrontation with an individual
performing electrical work on Bryant=s house,
threatened to throw an egg on Bryant=s
car.  The police arrived and summoned a ACode
Enforcement@ officer to inspect Aldrich=s
residence.[2]  Due to Aunsafe
conditions@ at the house, authorities
instructed Aldrich to gather his belongings and leave.  Aldrich left the house, but Bryant saw him
there later that day and called the police. 
The police returned, made contact with Aldrich, and then left.

Later the same day, Bryant was standing outside
her neighbor=s residence when she saw Aldrich
approaching her.  Aldrich asked Bryant
why she was Ain his business@ and why
she kept AF=ing with@ him; he
yelled AI will
kill you,@ and he pulled a small baseball
bat, or Aclub,@ from
under his coat and began swinging it at her.[3]  Fearing injury, and to avoid being hit by the
club, Bryant Aweaved@ and Abobbed@ as she
backed away from Aldrich, who was yelling obscenities at her.  Bryant called the police, her neighbor
confronted Aldrich with his own baseball bat, and Aldrich left the area before
the police arrived.  Aldrich did not
testify at the trial on the merits.








In his sole point, Aldrich argues that the trial
court erred by overruling his objection to part of the State=s
closing argument at the guilt stage of his trial.  Specifically, Aldrich contends that the State
impermissibly commented on his failure to testify and that the error was
harmful.

Defense counsel made the following statements as
part of his closing argument:

Now, let=s talk about the
investigation, or actual lack of investigation. 
Your city, your county didn=t put an investigator on this case.  Nobody ever asked Mr. Aldrich what
happened.  Nobody ever - - even after
they arrested him, they didn=t think to interview him about what happened.

 

They didn=t come back and talk to
her.  They didn=t come back and talk to
Mr. Saltsgiver.  They didn=t come back and talk to
Mr. - - the other people that were present. 
There was at least four or five other people there that witnessed
it.  How hard it would have been to
come back, and you know, maybe take some down [sic] information and get that
much accomplished.  [Emphasis added.]

 

The following remarks by the State and objection by Aldrich occurred
immediately after defense counsel concluded his closing argument:

[State]:  Well, let me address a few things right off
the bat for Mr. Scott=s [Aldrich=s attorney] benefit, as
well as your own.  No one prevented
this individual, as Mr. Scott has implied, from telling his story if he wanted
to.  He never volunteered it.  He never took an opportunity to tell it.

 

[Defense counsel]: Your
Honor, we object.  That=s improper argument.  We can=t discuss a clients=s right or not right to
testify.

 








The Court: Overruled.

[State]: He argued to you
that he was never given an opportunity to make a defense.  You don=t defend yourself when you=re guilty.  You don=t flee this scene when you=re innocent.

 

To be permissible, the State=s jury
argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94B95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v.
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  The State may answer jury arguments by the
defense if the response does not exceed the scope of the invitation.  Andujo v. State, 755 S.W.2d 138, 144
(Tex. Crim. App. 1988).








Under code of criminal procedure article 38.08, a
defendant=s choice to not testify on his
own behalf shall not be taken as circumstance against him, and his decision not
to testify shall not be alluded to or commented on by counsel.  Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon
2005); see also Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App.
2001) (stating that neither the trial judge nor the prosecutor can comment on
the failure of an accused to testify because such a comment violates the
privilege against self-incrimination and the freedom from being compelled to
testify contained in the Fifth Amendment of the United States Constitution and
Article I, ' 10, of the Texas
Constitution); White v. State, 201 S.W.3d 233, 244 (Tex. App.CFort
Worth 2006, pet. ref=d).  To determine if the State=s
comment violated article 38.08 and constituted an impermissible reference to a
defendant=s failure to testify, we must
consider whether the language used was manifestly intended or was of such a
character that the jury would have naturally and necessarily considered it to
be a comment on the defendant=s
failure to testify.  Bustamante,
48 S.W.3d at 765; see Wead v. State, 129 S.W.3d 126, 130 (Tex. Crim.
App. 2004).  The offending language must
be viewed from the jury=s standpoint, and the
implication that the comment referred to the accused=s
failure to testify must be clear.  Bustamante,
48 S.W.3d at 765; White, 201 S.W.3d at 244.  A mere indirect or implied allusion to the
defendant=s failure to testify does not
violate the accused=s right to remain silent.  Patrick v. State, 906 S.W.2d 481, 490B91 (Tex.
Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996); White, 201
S.W.3d at 244; Terrell v. State, Nos. 02-07-00083-CR, 02-07-00084-CR,
2008 WL 3877295, at *1 (Tex. App.CFort
Worth Aug. 21, 2008, pet. ref=d) (mem.
op., not designated for publication).








Here, defense counsel raised the issue of the
State=s
investigation of Aldrich=s case when he argued that no
one had asked Aldrich about the events forming the basis of Aldrich=s
prosecution and queried about how difficult it would have been for the State to
gather information had it conducted an investigation.  Instead of commenting on Aldrich=s
failure to testify at trial, the State=s
complained-of statement that Aldrich never told his side of the story can
reasonably be construed as referring to the evidence that Aldrich left on foot
after the confrontation with Bryant but before the police arrived and, thus,
Aldrich=s
ensuing failure on February 19, 2007, to explain to police his version of the
events that occurred between he and Bryant. 
The statements, which did not exceed the scope of defense counsel=s invitation
to address the matter, were in direct response to defense counsel=s
argument regarding the State=s
investigation, or alleged Alack of investigation.@  The prosecutor made the statements
immediately upon commencing his rebuttal closing argument; he prefaced them by
stating, AWell, let me address a few
things right off the bat for Mr. Scott=s
benefit,@ and he
said, Aas Mr.
Scott has implied@ while making the objected-to
argument.  Viewed from the standpoint of
the jury, there is no clear implication that the State=s
complained-of statements referred to Aldrich=s
failure to testify.  Additionally, we
must conclude that the prosecutor=s
statements were neither manifestly intended to refer to Aldrich=s
failure to testify nor were they of such a character that the jury would have
naturally considered the remarks to be commenting on Aldrich=s
failure to testify.  See Bustamante,
48 S.W.3d at 765.













Furthermore, even assuming that the prosecutor=s
statements were an improper comment on Aldrich=s
failure to testify, any error was harmless. 
We apply a rule 44.2(a) constitutional harm analysis in situations where
the State comments on a defendant=s
failure to testify and reverse unless we determine beyond a reasonable doubt
that the error did not contribute to appellant=s
conviction or punishment.  Tex. R. App.
P. 44.2(a); Lair v. State, 265 S.W.3d 580, 590 (Tex. App.CHouston
[1st Dist.] 2008, pet. ref=d).  In applying the Aharmless
error@ test,
our primary question is whether there is a Areasonable
possibility@ that the error might have
contributed to the conviction.  Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  The
analysis should not focus on the propriety of the outcome of the trial;
instead, we should calculate as much as possible the probable impact on the
jury in light of the existence of other evidence.  Wesbrook v. State, 29 S.W.3d 103, 119
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).  We consider the source and nature of the
error, the extent that it was emphasized by the State, its probable collateral
implications, the weight a juror would probably place on the error, and whether
declaring it harmless would be likely to encourage the State to repeat it with
impunity.  Harris v. State, 790
S.W.2d 568, 587 (Tex. Crim. App. 1989). 
This requires us to evaluate the entire record in a neutral, impartial,
and even-handed manner, not Ain the
light most favorable to the prosecution.@  Id. at 586.

Our neutral, impartial review of the record
demonstrates that the prosecutor=s
statements were responsive to defense counsel=s
argument, that the statements were, at most, an indirect comment on Aldrich=s
failure to testify, that the prosecutor did not repeat or emphasize the
statements throughout the remainder of his rebuttal closing argument, and that
a juror would probably not attribute much, if any, weight to the error.  After carefully reviewing the record and
performing the required harm analysis under rule 44.2(a), we hold beyond a
reasonable doubt that the trial court=s error
did not contribute to appellant=s
conviction or punishment.  Tex. R. App.
P. 44.2(a).  We overrule Aldrich=s sole
point.

Having
overruled Aldrich=s point, we affirm the
trial court=s judgment.

 

 

 

BILL
MEIER

JUSTICE

 

PANEL:  WALKER, MCCOY, and
MEIER, JJ. 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 9, 2009











[1]See Tex. R. App. P. 47.4.





[2]Aldrich did not own the
residence.





[3]According to Bryant=s neighbor, the club was
made out of wood and was capable of causing serious bodily injury.