

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-395-CR

STEVEN MICHAEL BROWN                                                APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Steven Michael Brown shot Brandon Webb at close range with a shotgun. A jury found him guilty of aggravated assault and assessed punishment at ten years and seventeen days' confinement. The trial court sentenced him accordingly.

---

[1] *See* Tex. R. App. P. 47.4.

In his sole issue on appeal, appellant contends that he is entitled to a new trial, or in the alternative, a new punishment hearing because the prosecutor commented on appellant's failure to testify at the punishment phase three times during the State's closing argument at punishment. Appellant did testify at the guilt-innocence phase of trial. We affirm.

Article 38.08 of the code of criminal procedure provides that a defendant's failure to testify on his own behalf may not be held against him and that counsel may not allude to the defendant's failure to testify.[2] To determine if the prosecutor's comments violated article 38.08 by impermissibly referring to appellant's failure to testify, we must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on appellant's failure to testify.[3] If the prosecutor's remark calls to the jury's attention the absence of evidence that only the defendant's testimony could supply, the comment is improper. But if the remark reasonably can be construed to refer to the defendant's failure to present

---

[2] Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).

[3] *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999).

2

evidence other than his own testimony, the comment is not improper.[4]  The

offending language must be viewed from the jury's standpoint, and the

implication that the comment referred to appellant's failure to testify must be

clear.[5]  A mere indirect or implied allusion to his failure to testify does not

violate his right to remain silent.[6]

During the guilt-innocence phase of this case, appellant testified in his

own defense, denying that he had any involvement in the shooting.  He

chose, however, not to testify during the punishment phase of the trial.

During this phase, however, he called his girlfriend's father, Robert Flores,

who testified that appellant would be a good candidate for probation, and

Queinton Waldon, a community supervision officer, who testified about the

terms and conditions of community supervision and factors affecting

successful probation.

---

[4] *Fuentes*, 991 S.W.2d at 275; *Wolfe v. State*, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); *Madden v. State*, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), *cert. denied*, 499 U.S. 954 (1991).

[5] *Bustamante*, 48 S.W.3d at 765; *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).

[6] *Wead*, 129 S.W.3d at 130; *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

Appellant first contends that the following statement about Mr. Flores made during the State's closing argument directly commented on his failure to testify:

> I submit to you that one of the most telling points in this trial was when I was talking to Mr. Flores on the stand, Yesenia's father, and I'd asked him about why he had been so concerned about the Defendant's deception to him about not telling him about what he had done, about what he was accused of.

The State responds that this remark was based on Mr. Flores's testimony about appellant's living with his daughter in his home and not telling him that he had pending charges and an upcoming trial. During the State's cross-examination, Mr. Flores testified as follows:

> Q.    Does he [appellant] spend a large amount of time at your house at Blue Mound?
>
> A.    Yes, sir, he does.
>
> Q.    In fact, when we spoke last week you were concerned about this guy living under your roof. Is that fair to say?
>
> A.    Yes, sir, I was.
>
> Q.    Is it fair to say, Mr. Flores, that you didn't even know about this case being in progress until last week?
>
> A.    I did not know until last week, yes.
>
> Q.    Is it fair to say that the Defendant never once told you about this while staying with your daughter in your house?
>
> A.    No, he did not.

4

Q.     Was that concerning to you?

A.     Yes, it was.

       . . . .

Q.     Why were you concerned about that, Mr. Flores, when we talked last week?

A.     Are you a parent?

Q.     Yes, sir, I am.

A.     Well, you know my concern.  That's my daughter.

Q.     And I know that.  But what I want you to do is explain it to the jury, sir.  That's why I'm asking.

A.     Well, yes, I was concerned.

Q.     Concerned about whose – – I mean, is there a safety concern?

A.     No, there's not.

Q.     Then what is – – I mean – –

A.     My concern was I didn't know what happened.

Q.     Would you like to have known?

A.     Yes, I would have.

Q.     You feel like you should have known as the head of that household?

A.     Yes, I should have.

5

Q.     And if you were going to dole out responsibility for that, would it have been on Steven or on Yesenia?

A.     Both.

Q.     And how long has Yesenia dated the Defendant?

A.     Probably around two years, that I know of.

Q.     Is it fair to say that as parents we don't always know what our kids are up to?

A.     Yes, sir.

Q.     Is this a good example of that?

A.     I guess, yeah.

Q.     Is that a tough spot for you to be in as a father today testifying?

A.     Yes.

Viewed from the jury's standpoint, the prosecutor's comment about Mr. Flores's testimony was merely a summation of Mr. Flores's testimony that appellant withheld information from him; it was not alluding to testimony that could only be supplied by appellant.[7] Accordingly, we hold that the

---

[7] *See Bustamante*, 48 S.W.3d at 765; *Fuentes*, 991 S.W.2d at 275; *see also Howard v. State*, 153 S.W.3d 382, 386 (Tex. Crim. App. 2004), *cert. denied*, 546 U.S. 1214 (2006); *Davis v. State*, 782 S.W.2d 211, 222–23 (Tex. Crim. App. 1989), *cert. denied*, 495 U.S. 940 (1990)(citing *Fearance v. State*, 771 S.W.2d 486, 514 (Tex. Crim. App. 1988), *cert. denied*, 492 U.S. 927 (1989)); *Harris v. State*, 122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref'd).

comment was not manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on appellant's failure to testify.[8] Therefore, we overrule, appellant's issue as to the first comment.

Appellant next complains of the following comment:

And I submit to you this, that you're supposed to look at this case through the eyes of a citizen of this county, but it's also appropriate for you to do it as a parent, to think about the actions, the decisions you have to make today about putting this guy back out on the street with our families and our kids, because that requires a level of trust between you and the Defendant, that you have to trust him, to believe that he's going to be safe out there on the streets, that he's going to do what he's supposed to do, that he's going to be honest, that he's going to admit his responsibility here.

Immediately after the trial court overruled appellant's objection, the prosecutor said:

Look at the evidence in this case and the Defendant's testimony yesterday, his testimony to the cops when he gave that statement, to the defense witnesses today, where is the truth?

In context, the prosecutor's argument was a plea for law enforcement and an exhortation for the jury to properly determine credibility based on the

---

[8] *See Wead*, 129 S.W.3d at 130 (holding that a prosecutorial argument is an improper comment on a defendant's failure to testify only if it manifestly intends to be, or is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify); *Bustamante*, 48 S.W.3d at 765 (same).

evidence presented at trial. Therefore, we hold that the comment was not manifestly intended nor was of such a character that the jury naturally and necessarily would have considered it to be a comment on appellant's failure to testify.[9] Accordingly, we overrule appellant's issue as to the second complained-of comment.

Finally, appellant complains of the following comment from the prosecutor's closing argument:

> Ladies and gentlemen, Mr. Waldon, the probation officer, came in here and told you that those two most important things about being on probation, being honest and being able to accept responsibility.

Waldon testified that a person's attitude and acceptance of responsibility could affect their ability to successfully complete probation. Specifically, he testified that one's ability to admit responsibility or guilt would undermine a person's ability to successfully complete probation. We hold that the prosecutor's comment was a summation of Waldon's testimony and not a comment on appellant's failure to testify.[10] Accordingly, we overrule appellant's complaint as to the third comment.

---

[9] *See Wead*,129 S.W.3d at 130; *Bustamante*, 48 S.W.3d at 765; *Fuentes*, 991 S.W.2d at 275.

[10] *See Harris*, 122 S.W.3d at 884 (holding that mere summation of evidence that did not require defendant to personally rebut the State's argument was not a comment on the defendant's failure to testify).

8

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 2, 2009