COURT
OF APPEALS

                                     SECOND
DISTRICT OF TEXAS

                                                 FORT
WORTH

 

 

                                      NO.
2-07-395-CR

 

 

STEVEN MICHAEL BROWN                                                APPELLANT

 

                                                 V.

 

THE STATE OF TEXAS                                                             STATE

 

                                            ------------

 

         FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                            ------------

 

                              MEMORANDUM OPINION[1]

 

                                            ------------

Appellant Steven Michael Brown shot Brandon Webb
at close range with a shotgun.  A jury
found him guilty of aggravated assault and assessed punishment at ten years and
seventeen days= confinement.  The trial court sentenced him accordingly.








In his sole issue on appeal, appellant contends
that he is entitled to a new trial, or in the alternative, a new punishment
hearing because the prosecutor commented on appellant=s
failure to testify at the punishment phase three times during the State=s
closing argument at punishment. 
Appellant did testify at the guilt-innocence phase of trial.  We affirm.








Article 38.08 of the code of criminal procedure
provides that a defendant=s failure to testify on his own
behalf may not be held against him and that counsel may not allude to the
defendant=s failure to testify.[2]  To determine if the prosecutor=s
comments violated article 38.08 by impermissibly referring to appellant=s
failure to testify, we must decide whether the language used was manifestly
intended or was of such a character that the jury naturally and necessarily
would have considered it to be a comment on appellant=s
failure to testify.[3]  If the prosecutor=s remark
calls to the jury=s attention the absence of
evidence that only the defendant=s
testimony could supply, the comment is improper.  But if the remark reasonably can be construed
to refer to the defendant=s failure to present evidence
other than his own testimony, the comment is not improper.[4]  The offending language must be viewed from
the jury=s
standpoint, and the implication that the comment referred to appellant=s
failure to testify must be clear.[5]  A mere indirect or implied allusion to his
failure to testify does not violate his right to remain silent.[6]

During the guilt-innocence phase of this case,
appellant testified in his own defense, denying that he had any involvement in
the shooting.  He chose, however, not to
testify during the punishment phase of the trial.  During this phase, however, he called his
girlfriend=s father, Robert Flores, who
testified that appellant would be a good candidate for probation, and Queinton
Waldon, a community supervision officer, who testified about the terms and
conditions of community supervision and factors affecting successful probation.








Appellant first contends that the following
statement about Mr. Flores made during the State=s
closing argument directly commented on his failure to testify:

I submit to you that one of the most telling
points in this trial was when I was talking to Mr. Flores on the stand, Yesenia=s
father, and I=d asked him about why he had
been so concerned about the Defendant=s
deception to him about not telling him about what he had done, about what he
was accused of.

The State responds that this remark was based on Mr. Flores=s
testimony about appellant=s living with his daughter in
his home and not telling him that he had pending charges and an upcoming
trial.  During the State=s
cross-examination, Mr. Flores testified as follows:

Q.     Does he [appellant] spend a large amount of time at your house
at Blue Mound?

 

A.     Yes, sir, he does.

 

Q.     In fact, when we spoke last week you were concerned about this
guy living under your roof.  Is that fair
to say?

 

A.     Yes, sir, I was. 

 

Q.     Is it fair to say, Mr. Flores, that you didn=t even know about this
case being in progress until last week?

 

A.     I did not know until last week, yes.

 

Q.     Is it fair to say that the Defendant never once told you about
this while staying with your daughter in your house?

 

A.     No, he did not.








Q.     Was that concerning to you?

 

A.     Yes, it was.

 

. . . .

 

Q.     Why were you concerned about that, Mr. Flores, when we talked
last week?

 

A.     Are you a parent?

 

Q.     Yes, sir, I am.

 

A.     Well, you know my concern. 
That=s my daughter.

 

Q.     And I know that.  But what
I want you to do is explain it to the jury, sir.  That=s why I=m asking.

 

A.     Well, yes, I was concerned.

 

Q.     Concerned about whose B B I mean, is there a safety concern?

 

A.     No, there=s not.

 

Q.     Then what is B B I mean B B 

 

A.     My concern was I didn=t know what happened.

 

Q.     Would you like to have known?

 

A.     Yes, I would have.

 

Q.     You feel like you should have known as the head of that
household?

 

A.     Yes, I should have.

 








Q.     And if you were going to dole out responsibility for that, would
it have been on Steven or on Yesenia?

 

A.     Both.

 

Q.     And how long has Yesenia dated the Defendant?

 

A.     Probably around two years, that I know of.

 

Q.     Is it fair to say that as parents we don=t always know what our
kids are up to?

 

A.     Yes, sir.

 

Q.     Is this a good example of that?

 

A.     I guess, yeah.

 

Q.     Is that a tough spot for you to be in as a father today
testifying?

 

A.     Yes.








Viewed from the jury=s
standpoint, the prosecutor=s
comment about Mr. Flores=s testimony was merely a
summation of Mr. Flores=s testimony that appellant
withheld information from him; it was not alluding to testimony that could only
be supplied by appellant.[7]  Accordingly, we hold that the comment was not
manifestly intended or was of such a character that the jury naturally and
necessarily would have considered it to be a comment on appellant=s
failure to testify.[8]  Therefore, we overrule, appellant=s issue
as to the first comment.

Appellant next complains of the following
comment:

And I submit to you this,
that you=re supposed to look at
this case through the eyes of a citizen of this county, but it=s also appropriate for
you to do it as a parent, to think about the actions, the decisions you have to
make today about putting this guy back out on the street with our families and
our kids, because that requires a level of trust between you and the Defendant,
that you have to trust him, to believe that he=s going to be safe out
there on the streets, that he=s going to do what he=s supposed to do, that he=s going to be honest,
that he=s going to admit his
responsibility here.

 

Immediately after the trial court overruled appellant=s
objection, the prosecutor said:

Look at the evidence in
this case and the Defendant=s testimony yesterday, his testimony to the cops
when he gave that statement, to the defense witnesses today, where is the
truth?

 








In context, the prosecutor=s
argument was a plea for law enforcement and an exhortation for the jury to
properly determine credibility based on the evidence presented at trial.  Therefore, we hold that the comment was not
manifestly intended nor was of such a character that the jury naturally and
necessarily would have considered it to be a comment on appellant=s
failure to testify.[9]  Accordingly, we overrule appellant=s issue
as to the second complained-of comment.

Finally, appellant complains of the following
comment from the prosecutor=s
closing argument:

Ladies and gentlemen, Mr. Waldon, the probation
officer, came in here and told you that those two most important things about
being on probation, being honest and being able to accept responsibility.

Waldon testified that a person=s
attitude and acceptance of responsibility could affect their ability to
successfully complete probation. 
Specifically, he testified that one=s
ability to admit responsibility or guilt would undermine a person=s
ability to successfully complete probation. 
We hold that the prosecutor=s
comment was a summation of Waldon=s
testimony and not a comment on appellant=s
failure to testify.[10]  Accordingly, we overrule appellant=s
complaint as to the third comment.








Having overruled appellant=s sole
issue, we affirm the judgment of the trial court.

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc.
Ann. art. 38.08 (Vernon 2005).





[3]Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004); Bustamante v. State, 48 S.W.3d 761, 765 (Tex.
Crim. App. 2001); Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim.
App.), cert. denied, 528 U.S. 1026 (1999).





[4]Fuentes, 991 S.W.2d at 275; Wolfe
v. State, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); Madden v. State,
799 S.W.2d 683, 700 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 954
(1991).





[5]Bustamante, 48 S.W.3d at 765; Swallow
v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).





[6]Wead, 129 S.W.3d at 130; Patrick
v. State, 906 S.W.2d 481, 490B91 (Tex. Crim. App. 1995), cert. denied,
517 U.S. 1106 (1996).





[7]See Bustamante, 48 S.W.3d at 765; Fuentes,
991 S.W.2d at 275; see also Howard v. State, 153 S.W.3d 382, 386
(Tex. Crim. App. 2004), cert. denied, 546 U.S. 1214 (2006); Davis v.
State, 782 S.W.2d 211, 222B23 (Tex. Crim. App. 1989), cert. denied,
495 U.S. 940 (1990)(citing Fearance v. State, 771 S.W.2d 486, 514 (Tex.
Crim. App. 1988), cert. denied, 492 U.S. 927 (1989)); Harris v. State,
122 S.W.3d 871, 884 (Tex. App.CFort Worth 2003, pet. ref=d).





[8]See Wead, 129 S.W.3d at 130
(holding that a prosecutorial argument is an improper comment on a defendant=s failure to testify only
if it manifestly intends to be, or is of such character that a typical jury
would naturally and necessarily take it to be, a comment on the defendant's
failure to testify); Bustamante, 48 S.W.3d at 765 (same).





[9]See Wead,129 S.W.3d at 130; Bustamante,
48 S.W.3d at 765; Fuentes, 991 S.W.2d at 275.





[10]See Harris, 122 S.W.3d at 884
(holding that mere summation of evidence that did not require defendant to
personally rebut the State=s argument was not a comment on the defendant=s failure to testify).